STATE OF TENNESSEE ex rel. ALBERT PHILLIPS,
Plaintiff in Error,

*v.*

C. MURRAY HENDERSON, Warden, Tennessee State
Penitentiary, at Nashville, Defendant in Error.

423 S.W.2d 489.

(*Jackson,* April Term, 1967.)

Opinion filed January 5, 1968.

Russell X. Thompson, Memphis, for plaintiff in error.

George F. McCanless, Attorney General, and Paul E. Jennings, Assistant Attorney General, Nashville, for defendant in error.

Mr. Justice Creson delivered the opinion of the Court.

This is an appeal in error from the denial of a petition for habeas corpus by the Criminal Court of Shelby County, Tennessee. The parties will be referred to as they appeared in the lower court; that is, plaintiff in error as petitioner, and defendant in error as the State.

Petitioner was indicted on January 10, 1964, for the offense of rape. He was taken before a committing magistrate, a Memphis City Court Judge, and entered a plea of guilty to the offense charged.

On January 13, 1964, the petitioner was arraigned and entered a plea of not guilty. At this time, he was represented by privately retained counsel. The trial was held on May 13 and 14, 1964, and again the petitioner was represented by privately retained counsel. The jury returned a verdict of guilty, and sentenced the petitioner

to ninety-nine years in the State Penitentiary. A motion for new trial was made, argued, and overruled. An appeal was perfected to this Court. The conviction was affirmed in an unpublished opinion released on December 11, 1964.

This petition for habeas corpus was filed in the Circuit Court of Davidson County on May 20, 1966. The case was transferred to the Criminal Court of Shelby County, Tennessee, where, on December 9, 1966, a full evidentiary hearing was held. Thereafter, the trial judge entered an order denying the petition for writ of habeas corpus. From that order, an appeal has been perfected to this Court.

In assignment of error No. 1, the petitioner argues that his constitutional rights were violated, in that he was not afforded an opportunity to obtain counsel at the preliminary hearing in which the plea of guilty was entered. This Court has held that a preliminary hearing is not a critical stage of the proceeding; therefore, the accused has no constitutional right to be represented there by counsel. *State ex rel. Reed v. Heer* (1966) 218 Tenn. 338, 403 S.W.2d 310. Petitioner then insists that his preliminary hearing became a critical stage in the prosecution when it was made known at his trial that he had entered a guilty plea before the committing magistrate.

It is correct that the preliminary hearing may become a critical stage in the proceedings if an accused's actions have a prejudicial effect upon him at his subsequent trial. *White v. State of Maryland* (1963) 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193; *State ex rel. Rivera v. Henderson* (1967) 219 Tenn. 452, 410 S.W.2d 726. Such would be the case if an accused entered a plea of guilty

at the preliminary hearing and testimony was later offered at his trial to this effect. The record in the present case clearly establishes that petitioner's guilty plea at his preliminary hearing was not introduced in evidence at his original trial. The finding of fact as to this was based on the testimony at the hearing of the three principal figures conducting the original trial—the petitioner's attorney, the Assistant District Attorney General and the trial judge.

■ Petitioner next contends, in assignment of error No. 2, that he was denied the equal protection of the laws, in that no court reporter or transcript of the record of his original trial was provided by the trial court. The present record clearly establishes that this was not a capital case, in that the death penalty was not being sought by the State. Thus, the statutes in effect at the time the petitioner was tried were complied with. See T.C.A. secs. 40-2010 and 40-2011. In any event, the petitioner was not denied his right to appeal. An appeal was perfected and the case was reviewed by this Court on a narrative bill of exceptions. There is no showing that the narrative bill was insufficient; there was no error in this practice. See *Griffin v. People of the State of Illinois* (1956) 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; *Sambolin v. State* (1965) 215 Tenn. 569, 387 S.W.2d 817; *State ex rel. Wilkerson v. Bomar* (1964) 213 Tenn. 499, 376 S.W.2d 451; *Beadle v. State* (1958) 203 Tenn. 97, 310 S.W.2d 157.

■■ In assignment of error No. 3, it is said that it was error for the trial judge to permit one of the State's material witnesses to remain in the courtroom during the evidentiary hearing. That witness was the Assistant District Attorney General who had acted as the prosecuting attorney at the original trial. The exclusion of wit-

nesses from the courtroom is not a matter of right, but is within the discretion of the trial judge. *Nance v. State* (1962) 210 Tenn. 328, 358 S.W.2d 327; *Nelson v. State* (1852) 32 Tenn. 237. This Court has previously held that it was not an abuse of this discretion to allow investigators from the District Attorney General's Office, who later were to be witnesses, to remain in the courtroom. *Steele v. State* (1949) 189 Tenn. 424, 225 S.W.2d 260; *Hughes v. State* (1912) 126 Tenn. 40, 148 S.W. 543. Neither can we find an abuse of discretion in the instant case.

The final assignments of error, Nos. 4 and 5, concern the action of the trial judge at the evidentiary hearing, in failing to recuse himself upon motion of the petitioner. The petitioner testified that his preliminary hearing plea was brought before the jury at his original trial by one of the State's witnesses, a police lieutenant. Following the petitioner's proof, the trial judge asked the attorneys to approach the bench. He stated that it was obvious to him that the petitioner had lied under oath. The trial judge admonished the petitioner's counsel to guard against further perjury by the petitioner. Following this, the petitioner's counsel requested that the trial judge recuse himself.

As part of the State's proof, the trial judge chose to take the stand and testify as a witness. He testified that evidence of a prior plea of guilty in the preliminary hearing was never introduced in his court. Following his testimony, the petitioner again moved that the trial judge recuse himself.

A judge is not disqualified from hearing a cause for the reason he had presided and made findings in previous litigation. *King v. State* (1965) 216 Tenn. 215,

391 S.W.2d 637. By statute in Tennessee, a judge is a competent witness in any cause tried before him, either civil or criminal in nature. T.C.A. sec. 24-107.

■ Since Tennessee, by statute, allows the trial judge to become a witness, we will not further discuss the propriety of such action and look only for an abuse of the trial judge's discretion in not recusing himself because of an alleged prejudicial interest which would make it difficult for him to render a fair decision.

In this particular situation, the trial judge had knowledge of the facts. He chose to place them on the record by the proper means of testifying as a witness. In this manner, he made himself available for cross-examination on these matters. There was other substantial evidence to support a finding of fact that the petitioner's plea entered at his preliminary hearing was not disclosed at his trial. We find no abuse of discretion in the trial judge's refusal to recuse himself.

■ Our holding in this respect is in accord with the previous decision of this Court that a judge is not disqualified to sit in a case merely because he is a witness at the trial. *In re Cameron* (1912) 126 Tenn. 614, 151 S.W. 64. That case further held that it is left to the personal delicacy and discretion of the trial judge to determine whether he will disqualify himself from sitting in the case.

■ It was not error for the trial judge to point out to the petitioner and his counsel that it was obvious the petitioner was perjuring himself. It is the duty of the trial judge to make all reasonable effort to keep his court free of perjured testimony when it is within his personal knowledge that this has occurred or is occurring.

This action, in itself, does not exhibit the prejudice necessary for reversal.

The petitioner places strong reliance on the recent decision by this Court in *Leighton v. Henderson* (1967) 220 Tenn. 91, 414 S.W.2d 419. That holding is clearly distinguishable from the present case. In that case, the judge made definite statements prior to the hearing, which indicated his prejudice and prejudgment of the case. In the present case, the trial judge offered his testimony in the posture of a witness, and subjected himself to cross-examination. There are none of the elements here to compare with those which necessitated a reversal in *Leighton*.

The assignments of error are overruled and the judgment of the trial court is affirmed. The costs of this appeal are assessed against the plaintiff in error.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.