**Walter Lee CARUTHERS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 30, 1991.

Permission To Appeal Denied by Supreme Court June 10, 1991.

Leslie M. Jeffress, Knoxville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Amy L. Tarkington, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., Robert L. Jolley, Jr., Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

JONES, Judge.

This is an appeal as of right from a judgment of the trial court denying the appellant's application for post-conviction relief.

The appellant raises four issues for review. He contends that the trial judge should have recused himself, the trial court erroneously applied the previously determined and waiver provisions contained in

the Post–Conviction Procedure Act, the trial court violated his right to the effective assistance of counsel in refusing to continue the evidentiary hearing in the second post-conviction proceeding, and the dismissal of the second post-conviction suit in the Supreme Court was coerced.

The judgment of the trial court is affirmed.

## I

The appellant was convicted of murder in the first degree, two counts of aggravated kidnapping, two counts of robbery with a deadly weapon, and assault with the intent to commit murder in the first degree accompanied by bodily harm. A jury of his peers sentenced him to death in the murder case. The trial judge sentenced him to confinement for life as to each count of aggravated kidnapping, confinement for sixty years as to each count of robbery with a deadly weapon, and confinement for life for assault with the intent to commit murder in the first degree accompanied by bodily harm. The sentences are to be served consecutively. The Tennessee Supreme Court affirmed the appellant's conviction for murder in the first degree and the sentence of death.[1] The United States Supreme Court denied the appellant's petition for the writ of certiorari.[2]

The appellant filed his first suit for post-conviction relief in 1985. Counsel was appointed to represent him. The trial court denied the appellant's suit following an evidentiary hearing. This Court affirmed the judgment of the trial court.[3] The Supreme Court subsequently denied his application for permission to appeal.

The appellant filed his second suit for post-conviction relief on January 23, 1989. Again, counsel was appointed to represent the appellant. The trial court found that the grounds set forth in the petition had either been waived or previously determined; and the trial court summarily dis-

missed the suit. The appellant's stay of his pending execution was denied.

The appellant appealed both the denial of the stay and the dismissal of his second suit to this Court. His request for a stay of his pending execution was denied. The Supreme Court stayed the execution. The order entered recites in part:

> The appellant agrees, as a condition to the issuance of the stay, that he will immediately seek a voluntary dismissal with prejudice of the petition, the appeal, the motion for a stay of execution, and all other matters presently pending in *Walter Lee Caruthers v. State of Tennessee,* Knox County No. 35669.

The appeal was dismissed by this Court pursuant to the agreement embodied in the stay order.

The appellant's third suit for post-conviction relief, the suit now before this Court, was filed June 28, 1989. Counsel was appointed to represent the appellant. The State of Tennessee filed an answer which alleged that the grounds contained in the petition had either been presently determined or waived.

The appellant filed a motion to recuse the trial judge. The motion alleged that the trial judge's failure to grant a continuance in the second suit, the summary dismissal of the appellant's second suit, and his refusal to stay the appellant's pending execution indicated that "the Court was, and is now, biased against petitioner, perhaps even to the point of denying petitioner Constitutional rights of due process." The trial court denied the motion.

The appellant was afforded an evidentiary hearing. The trial court subsequently denied the appellant's suit because the grounds raised had either been previously determined or waived; and the appellant's voluntary dismissal of his appeal in the second suit was not coerced.

The State of Tennessee filed a motion to expedite this appeal. A member of this

---

**1.** *State v. Caruthers,* 676 S.W.2d 935 (Tenn. 1984).

**2.** *Caruthers v. Tennessee,* 469 U.S. 1197, 105 S.Ct. 981, 83 L.Ed.2d 982 (1985).

**3.** *Walter Lee Caruthers v. State,* Knox County No. 1164, May 1988 Session at Knoxville, opinion filed November 22, 1988.

Court found that there was "no compelling reason to advance the case before other cases in process prior to this case." Accordingly, the motion to expedite the appeal was denied.

## II

█ It has long been established that the trial court's findings of fact and conclusions of law in post-conviction suits are afforded the weight of a jury verdict. Consequently, this Court is bound by the trial court's findings of fact unless we conclude that the evidence contained in the record preponderates against the judgment entered in this cause.[4]

Since the trial court found that the grounds raised by the appellant were either previously determined or waived, and the appellant was not coerced when he dismissed the appeal in his second post-conviction suit with prejudice, we must review the record to determine whether the evidence contained in the record preponderates against the trial court's judgment.[5] In doing so, we are bound by certain well-established rules of appellate review. As this Court stated in *Black v. State, supra:*

> First, this Court cannot reweigh or re-evaluate the evidence; nor can we substitute our inferences for those drawn by the trial court. Second, questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the trial judge, not this Court. Third, the appel-

lant has the burden in this Court of illustrating why the evidence contained in the record preponderates against the judgment entered by the trial judge.[6]

With these rules in mind, we will proceed to consider the merit of the issues presented by the appellant for our review.

## III

█ The appellant's motion for recusal was predicated upon the trial judge's rulings during the second post-conviction suit and his refusal to stay the execution of the appellant.[7] No evidence was introduced to establish the trial judge's alleged bias or prejudice.[8] The trial judge denied the motion. The trial judge stated when ruling:

> Well, I've reviewed the motion, and as I understand the law, when any suggestion is made of bias or prejudice, the Court is required to examine his conscience. I have done that. I feel that I have followed the law. I have no prejudice or bias in this case and I'll deny the motion.

█ A motion for recusal, based upon the alleged bias or prejudice of the trial judge, addresses itself to the sound discretion of the trial court.[9] This Court will not interfere with the exercise of this discretion unless clear abuse appears on the face of the record.[10]

In the case *sub judice* the trial court did not abuse its discretion in dismissing the motion for recusal. The trial judge stated that he did not harbor any bias or prejudice toward the appellant.[11] Furthermore, a

---

4. *Teague v. State,* 772 S.W.2d 932, 933–934 (Tenn.Crim.App.1988), *cert. denied,* 493 U.S. 874, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989); *Brooks v. State,* 756 S.W.2d 288, 289 (Tenn. Crim.App.1988); *Vermilye v. State,* 754 S.W.2d 82, 84 (Tenn.Crim.App.1987).

5. *Black v. State,* 794 S.W.2d 752, 755 (Tenn. Crim.App.1990); *Brooks v. State, supra,* 756 S.W.2d at 290, *Vermilye v. State, supra,* 754 S.W.2d at 84.

6. *Black v. State, supra,* 794 S.W.2d at 755.

7. The appellant sought to have the trial judge recuse himself in the first post-conviction suit as well.

8. Counsel stated at the hearing: "[W]e'll pretty much stand on—on that motion. I—I expect your Honor has examined the motion."

9. *State ex rel. Phillips v. Henderson,* 220 Tenn. 701, 707, 423 S.W.2d 489, 492 (1968); *In re Cameron,* 126 Tenn. 614, 649–650, 151 S.W. 64, 74 (1912); *State v. Galloway,* 696 S.W.2d 364, 367 (Tenn.Crim.App.1985); *State v. Hawk,* 688 S.W.2d 467, 472 (Tenn.Crim.App.1985).

10. *State ex rel. Phillips v. Henderson,* 220 Tenn. at 707, 423 S.W.2d at 492; *State v. Hawk,* 688 S.W.2d at 472.

11. According to the authorities, an unequivocal statement made by the trial judge under the oath of his office denying the allegations con-

panel of this Court concluded that the findings of the trial court were supported by the record when it denied the appellant's motion to stay. Consequently, the appellant's claim that the rulings of the trial court in the second post-conviction suit established bias or prejudice is unfounded in fact as well as law.[12]

This issue is without merit.

### IV

■ As previously stated, the appellant waived his appeal as of right following the dismissal of his second suit for post-conviction relief. This was the only way that he could obtain a stay of the execution scheduled for the following week. He now contends that the agreement he reached with the State is null and void. He argues that the dismissal was coerced due to the "events and circumstances surrounding him at the time, including (1) his imminent execution and being placed on Death Watch during the period in which his decision had to be made, (2) the trial court's and this Court's refusal to grant a stay so that the claims contained in the second petition could be accorded a full and fair hearing on appeal ..., (3) the State's offer of a stay with the *quid pro quo* being a dismissal of all appeal rights in the second petition, and (4) appellant's counsel's ... veiled suggestion that perhaps the best way to proceed was to accept the State's offer."

The appellant discussed his plight with two attorneys, i.e., the attorney appointed by the trial court to represent him and a Nashville attorney, who had agreed to institute and represent the appellant in a federal habeas corpus suit and was giving him advice and guidance during the post-conviction proceedings. Based upon the advice of counsel, the appellant agreed to waive his appeal as of right; and the State agreed to the entry of an order staying the appellant's pending execution. The order,

which was entered in the Supreme Court provides:

> Upon application of the appellant, and *the agreement of the parties*, the April 6, 1989, execution of the appellant hereby is stayed pending timely filing and disposition of a petition for a writ of certiorari in the Supreme Court of the United States. The appellant agrees, as a condition of the issuance of the stay, that he will immediately seek a voluntary dismissal with prejudice of the petition, the appeal, the motion for a stay of execution, and all other matters presently pending in *Walter Lee Caruthers vs. State of Tennessee*, Knox County No. 35669. It is so ORDERED.

This order was entered on March 31, 1989. An order was entered in this Court on April 10, 1989, dismissing the pending appeal with prejudice.

The trial court ruled that the appellant's decision to waive his appeal was not coerced. The evidence contained in the record does not preponderate against this ruling. The two attorneys advised the appellant of his options, the attorneys left the decision as to whether the appeal should be dismissed to the appellant, and the appellant freely and voluntarily agreed to waive the appeal.

This issue is without merit.

### V

As previously stated, the trial court appointed counsel to represent the appellant when he filed his second suit for post-conviction relief. The attorney appointed was subsequently permitted to withdraw. A second attorney was appointed to represent the appellant the day before the suit was summarily dismissed. Substitute counsel sought a continuance so that he could study the prior pleadings, investigate the grounds raised in the petition, and, if appropriate, amend the petition. The trial court denied the motion.

---

12. *See Omohundro v. State,* 172 Tenn. at 61–62, 109 S.W.2d at 1164; *Lackey v. State,* 578 S.W.2d 101, 104 (Tenn.Crim.App.1978).

tained in the motion and the attached documents ends the question of whether the trial judge harbored bias or prejudice. *See Omohundro v. State,* 172 Tenn. 48, 61–62, 109 S.W.2d 1159, 1164 (1937); *In re Cameron,* 126 Tenn. at 660, 151 S.W. at 77.

The appellant states in his brief that substitute counsel did not have time to prepare his case. As a result, the appellant was effectively denied the right to counsel. In his reply brief the appellant frames the issue in the following manner:

> Appellant agrees with Appellee's statements that a petitioner has no constitutional right to the effective assistance of counsel in a post-conviction relief proceeding and agrees further that the Tennessee courts have consistently held that there is no constitutional right to counsel at such proceedings. Appellant also concedes that the cases cited by Appellee for the above propositions are controlling law. However, these are not the issues Appellant has raised in this section of his appeal.

■ A reply brief is limited in scope to a rebuttal of the argument advanced in the appellee's brief. An appellant cannot abandon an argument advanced in his brief and advance a new argument to support an issue in the reply brief. Such a practice would be fundamentally unfair as the appellee may not respond to a reply brief.

■ This Court will address the issue as it was framed in the appellant's brief.

In *Pennsylvania v. Finley*,[13] the United States Supreme Court ruled that the Sixth Amendment to the United States Constitution does not apply to post-conviction proceedings. The Court followed *Finley* in *Murray v. Giarratano*.[14] In *Murray* the Court said "the rule of *Pennsylvania v. Finley*, should apply no differently in capital cases than noncapital cases. State collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings and serve a different and more limited purpose than either the trial or appeal.... We therefore decline to read either the Eighth Amendment or the Due Process Clause to require yet another distinction between the rights of capital case defendants and those in noncapital cases."[15]

As the State correctly states in its brief, this Court has held on several occasions that the constitutional right to counsel does not apply to post-conviction suits.[16] This Court has also held that a claim of ineffective assistance of counsel in a prior post-conviction suit is not cognizable in a subsequent post-conviction suit.[17]

The appellant is not entitled to relief on this ground since it is not cognizable in a post-conviction suit. The remedy of post-conviction relief is limited in scope to constitutional issues.[18] We further note that the appellant has failed to establish how he was prejudiced when the trial court refused to grant substitute counsel's motion for a continuance as the record of the first suit clearly reveals that the grounds raised in the second suit were previously determined or waived.

This issue is without merit.

## VI

■ The appellant contends that the trial court failed to properly apply the "previously determined" and "waiver" doctrines contained in the Post–Conviction Procedure Act. He argues that the summary dismissal of his petition in the case *sub judice* denied him an opportunity to establish there were issues that had not been previously determined or waived.

It has long been established that a post-conviction proceeding can be summarily dismissed when the grounds contained in the petition (a) have been previously deter-

---

13. 481 U.S. 551, 107 S.Ct.1990, 95 L.Ed.2d 539 (1987).

14. 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989).

15. 492 U.S. at 10, 109 S.Ct. at 2770–2771, 106 L.Ed.2d at 11.

16. *See, i.e., State v. Oates*, 698 S.W.2d 79, 80–81 (Tenn.Crim.App.1985); *State v. Garrard*, 693 S.W.2d 921, 922 (Tenn.Crim.App.1985).

17. *State v. Wilson*, 667 S.W.2d 113, 114 (Tenn. Crim.App.1983); *Dowlen v. State*, 477 S.W.2d 253, 254 (Tenn.Crim.App.1971).

18. Tenn.Code Ann. § 40–30–105. *See State v. Oates; supra; Dowlen v. State, supra.*

mined,[19] (b) have been waived,[20] (c) the grounds are couched in conclusory language and are not supported by factual allegations,[21] (d) the grounds are not cognizable in a post-conviction suit,[22] (e) the grounds, if established, will not afford the petitioner relief from his convictions or sentence, or (f) the grounds are barred by the statute of limitations.[23]

A ground for relief is said to have been "previously determined" when "a court of competent jurisdiction has ruled on the merits [of the grounds] after a full and fair hearing." [24]

A ground for relief is said to have been "waived" when the petitioner "knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." [25]

Before a petitioner is entitled to an evidentiary hearing to rebut the presumption of waiver, his petition must allege a legal excuse for not having raised the waived issues on direct appeal or in a previous post-conviction suit.[26]

The appellant's assertion that he should have been permitted to litigate the grounds alleging (a) the death penalty is unconstitutional, (b) the denial of the constitutional right to the effective assistance of counsel, and (c) claims relating to the use of a prior rape for which the appellant was neither indicted nor convicted is without merit. First, these grounds have been previously determined. Based upon our review of the decision of the Tennessee Supreme Court, the petition in the first suit for post-convic-

tion relief, and the petition in the second suit for post-conviction relief, the appellant challenged (1) the constitutionality of the death penalty in all three proceedings, (2) the grounds predicated upon the denial of the constitutional right to the effective assistance of counsel in the two prior suits for post-conviction relief, and (3) the use of the prior unindicted rape in all three proceedings. Second, those few issues that have not been previously determined were waived. The appellant failed to allege in the petition why these issues were not raised in one of the prior proceedings. Moreover, these grounds are totally devoid of merit. Third, most of the grounds are couched in conclusory terms, and no facts are set forth in the petition to support these grounds. It is impossible in some instances to determine if the grounds are even applicable to the case *sub judice*. Fourth, some of the grounds are not cognizable in a post-conviction suit.

It is crystal clear that the appellant was not entitled to an evidentiary hearing for the purpose of determining whether the grounds were either previously determined or waived; or to ventilate these grounds on the merits.

SUMMERS, J., and WILLIAM M. DENDER, Special Judge, concur.

**19.** Tenn.Code Ann. §§ 40–30–111 and –112; *Givens v. State,* 702 S.W.2d 578, 580 (Tenn.Crim.App.1985); *Sloan v. State,* 477 S.W.2d 219, 220 (Tenn.Crim.App.1971); *Fuller v. State,* 4 Tenn.Crim.App. 625, 626–628, 475 S.W.2d 188, 189 (1971); *Harvey v. State,* 749 S.W.2d 478, 479 (Tenn.Crim.App.1987).

**20.** Tenn.Code Ann. §§ 40–30–111 and –112; *State v. Miller,* 668 S.W.2d 281, 284–285 (Tenn. 1984); *Teague v. State, supra; Givens v. State, supra; Winrow v. State,* 649 S.W.2d 18, 21 (Tenn.Crim.App.1983); *Garrett v. State,* 534 S.W.2d 325, 327 (Tenn.Crim.App.1975).

**21.** Tenn.Code Ann. § 40–30–104(a)(10); *Gant v. State,* 507 S.W.2d 133, 136 (Tenn.Crim.App. 1973); *Crumley v. Tollett,* 4 Tenn.Cr.App. 495, 474 S.W.2d 148, 149 (1971); *Jones v. State,* 2

Tenn.Crim.App. 152, 155, 452 S.W.2d 361, 363 (1969).

**22.** Tenn.Code Ann. § 40–30–105; *Housler v. State,* 749 S.W.2d 758 (Tenn.Crim.App.1988).

**23.** Tenn.Code Ann. § 40–30–102 (Supp.1990).

**24.** Tenn.Code Ann. § 40–30–112(a).

**25.** Tenn.Code Ann. § 40–30–112(b)(1).

**26.** Tenn.Code Ann. § 40–30–104(a)(10). *See Swanson v. State,* 749 S.W.2d 731, 735 (Tenn. 1988); *Underwood v. Livesay,* 721 S.W.2d 824, 828 (Tenn.Crim.App.1986); *Recor v. State,* 489 S.W.2d 64, 70 (Tenn.Crim.App.1972), *cert. denied,* 411 U.S. 920, 93 S.Ct. 1560, 36 L.Ed.2d 313 (1973).