IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1997 SESSION

FILED

March 18, 1998

Cecil W. Crowson
Appellate Court Clerk

JERRY DALE DUFFEY,                )
                                  )
                  APPELLANT,      )
                                  )       No. 01-C-01-9701-CC-00016
                                  )
                                  )       Marshall County
v.                                )
                                  )       W. Charles Lee, Judge
                                  )
                                  )       (Post-Conviction Relief)
STATE OF TENNESSEE,               )
                                  )
                  APPELLEE.       )


FOR THE APPELLANT:                        FOR THE APPELLEE:

Curtis H. Gann                            John Knox Walkup
Assistant Public Defender                 Attorney General & Reporter
P.O. Box 1119                             425 Fifth Avenue, North
Fayetteville, TN 37334                    Nashville, TN 37243-0493
(Appeal Only)

                                          Ellen H. Pollack
Michael D. Randles                        Assistant Attorney General
Assistant Public Defender                 450 James Robertson Parkway
P.O. Box 1119                             Nashville, TN 37243-0493
Fayetteville, TN 37334
(Trial Only)                              W. Michael McCown
                                          District Attorney General
OF COUNSEL:                               P.O. Box 904
                                          Fayetteville, TN 37334
John H. Dickey
District Public Defender                  Weakley E. Barnard
P.O. Box 1119                             Assistant District Attorney General
Fayetteville, TN 37334                    Marshall County Courthouse
                                          Lewisburg, TN 37091


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Jerry Dale Duffey (petitioner), appeals as of right from a judgment of the trial court dismissing his post-conviction action following an evidentiary hearing. The petitioner contends (a) the trial judge committed error of prejudicial dimensions by refusing to recuse himself and (b) the evidence contained in the record establishes the petitioner was denied his constitutional right to the effective assistance of counsel. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

## I.

## PROCEDURAL HISTORY

The Marshall County Grand Jury returned a thirty-one count indictment against the petitioner. Each count of the indictment charged the offense of theft by fraud and deceit. The petitioner was convicted of twenty-seven counts of felony and misdemeanor offenses. The trial court imposed an effective sentence of confinement for fourteen (14) years in the Department of Correction.

The petitioner appealed as of right to this court. The only issue raised was the sufficiency of the convicting evidence. This court affirmed the judgment of the trial court. State v. Jerry Dale Duffey, Marshall County No. 01-C-01-9501-CC-00017, 1995 WL 441611 (Tenn. Crim. App., Nashville, July 26, 1995). The supreme court denied the petitioner's application for permission to appeal on February 5, 1996.

The petitioner instituted this post-conviction action on March 1, 1996. The trial court appointed counsel to represent the petitioner. An evidentiary hearing was held on July 24, 1996. The trial court entered its judgment denying the relief sought on September 6, 1996.

## RECUSAL OF THE TRIAL COURT

The petitioner contends the trial judge abused his discretion by denying the motion for recusal. The record reflects the petitioner sued a multitude of people in Marshall County. It appears the petitioner alleged the trial judge, clerk, court reporter, attorney general, assistant attorney general, and a multitude of other people conspired to have him convicted of what he continues to describe as civil matters. The petitioner sought $62,000,000.00 in damages.

The record is sketchy regarding the lawsuit. A copy of the complaint was not introduced as evidence during the hearing on the motion for recusal. It appears the lawsuit was dismissed by another judge, and, according to the petitioner, he planned to appeal the dismissal. On the other hand, the petitioner stated he had never issued the summons he was required to serve the parties. The trial judge stated he had not been served with a summons, but he had read the complaint before the hearing.

An extensive hearing was held on the motion for recusal. When the petitioner was questioned, he admitted he did not have any evidence that the trial court conspired with any other person to deny him his rights. He testified the trial judge knew or should have known the thirty-one counts contained in the indictment failed to state a crime, yet the judge permitted the Marshall County grand jury to indict him for "civil" violations. The petitioner also stated the trial judge knew the indictments were facially defective and void, but permitted the jury to convict him of the offenses. He opined the trial judge "went out of his subject matter jurisdiction . . . when you hear a civil case in criminal court."

When the petitioner was asked if he had any evidence the trial judge knew when the assistant district attorney general was going to present the indictment to the grand jury, the petitioner answered: "Absolutely none, sir" and "I have no proof." On several occasions the petitioner stated the proof was "in the [trial] transcripts." He also contended the trial judge told the parties how to try their respective lawsuits. However, the reference was to a discussion over a point of law which occurred outside the presence of the jury. The petitioner also said his proof of the trial judge's conspiracy was that the judge sentenced

him after he was convicted by the jury.

In summary, the petitioner predicated his entire cause of action on the contention he was tried for civil infractions in a criminal proceeding, and he was convicted of these offenses. The hearing does not contain a scintilla of evidence the trial judge violated any right of the petitioner.

The trial judge reviewed the complaint filed by the petitioner. He described the pleadings as "frivolous." He noted there had been no service of process and he had not been served with a summons and copy of the lawsuit. The trial judge recognized judges and other public officials are sued by citizens convicted of criminal offenses from time to time. The judge went through a litany of factors he considered relevant to the inquiry before denying the motion. The trial judge stated on the record he could be fair and impartial. The record reflects the judge was in fact fair and impartial during the course of the evidentiary hearing. The trial court concluded the petitioner was attempting to disqualify him so he could "forum shop."

A motion for recusal addresses itself to the sound discretion of the trial court. State ex rel. Phillips v. Henderson, 220 Tenn. 701, 707, 423 S.W.2d 489, 491 (1968); In re Cameron, 126 Tenn. 614, 649-50, 151 S.W. 64, 74 (1912); Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App.), per. app. denied (Tenn. 1991). An appellate court will not interfere with the exercise of this discretion unless clear abuse appears on the face of the record. Phillips, 220 Tenn. at 707, 423 S.W.2d at 491; State v. Boggs, 932 S.W.2d 467, 472 (Tenn. Crim. App.), per. app. denied (Tenn. 1996); Caruthers, 814 S.W.2d at 67. Thus, the standard of review in these matters is abuse of discretion. State v. Cash, 867 S.W.2d 741, 749 (Tenn. Crim. 1993). As the supreme court said in State v. Hurley, 876 S.W.2d 57, 64 (Tenn. 1993), cert. denied, 513 U.S. 933, 115 S.Ct. 328, 130 L.Ed.2d 287 (1994): "The issue to be determined is not the propriety of the judicial conduct of the trial judge, but whether he committed an error which resulted in an unjust disposition of the case."

In this jurisdiction, "a trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can reasonably be questioned." Lackey v. State, 578 S.W.2d 101, 104 (Tenn.

4

Crim. App. 1978), per. app. denied (Tenn. 1979). The relevant inquiry is whether "a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." Alley v. State, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994).

In the context of this case, the trial judge did not abuse his discretion by denying the petitioner's motion for recusal, given the testimony and statements in the record, the frivolous nature of the complaint filed by the petitioner, and the fact the petitioner could not muster a scintilla of evidence to support his allegations and contentions. Apparently, the petitioner does not realize a person can be sued civilly and be convicted of a criminal offense based upon the same transaction and identical facts. Moreover, a petitioner should not be permitted to file a lawsuit or make frivolous and scurrilous allegations for the purpose of disqualifying a trial judge or to "forum shop."

This issue is without merit.

## III.

## EFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends he was denied his constitutional right to the effective assistance of counsel. He argues his attorney failed to (1) challenge the sufficiency of the indictment returned by the grand jury, (2) file a motion for severance of offenses, (3) call a sufficient number of defense witnesses, and (4) move for a change of venue. The trial court accredited the testimony given by the state's witnesses, defense counsel, and the deputy sheriff who handled the investigation into the transactions which led to the indictment, and rejected the testimony of the petitioner.

The record supports the findings of fact made by the trial court. The evidence presented by the petitioner and the evidence presented by the State of Tennessee conflicts, and these conflicts cannot be resolved. The trial court accredited the testimony of the state's witnesses and rejected the testimony of the petitioner. It is understandable why the court accredited the state's testimony given the nature of the petitioner's testimony. For instance, the petitioner testified he had spoken to agents of the Federal

5

Bureau of Investigation about what had occurred in Marshall County and the file containing his complaints was sitting on the desk of Attorney General Janet Reno in Washington, D.C. In short, the petitioner failed to establish the allegations of his complaint by "clear and convincing evidence." Tenn. Code Ann. § 40-30-210(f).

Either the defense attorney's conduct did not constitute ineffective assistance of counsel or, in the alternative, the petitioner was not prejudiced due to defense counsel's representation. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). Therefore, the trial court properly dismissed the petitioner's post-conviction action.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
WILLIAM M. BARKER, JUDGE