ROBERT T. IRVIN,                              )
                                             )
        Plaintiff/Appellant,                 )    Appeal No.
                                             )    01-A-01-9708-CV-00427
v.                                           )
                                             )    Montgomery Circuit
FAITH JOHNSON, an employee of                )    No. C12-431C12-431
The Tennessee Management Company,            )
Inc. (TAMCO); THE TENNESSEE                  )
MANAGEMENT COMPANY, INC.                     )
(TAMCO), a.d.b.a. THE SOUTH                  )
CENTRAL VILLAGE APARTMENTS,                  )
                                             )
        Defendants/Appellees.                )
                                             )

FILED

July 10, 1998

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CIRCUIT COURT FOR MONTGOMERY COUNTY

AT CLARKSVILLE, TENNESSEE

THE HONORABLE JAMES E. WALTON, JUDGE

ROBERT T. IRVIN, Pro Se
P. O. Box 1636
Clarksville, Tennessee  37041-1636

JAMES D. KAY, JR.
BRIDGETT A. WOHLPART
Suite 340M, Washington Square Two
222 Second Avenue North
Nashville, Tennessee  37069
        ATTORNEYS FOR DEFENDANTS/APPELLEES

AFFIRMED IN PART,
MODIFIED IN PART,
AND REMANDED

# OPINION

This case represents a pro se plaintiff's appeal from a trial court's order granting defendant/appellee's motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(4)(5)(6). Appellant's complaint asserted "perjury" as it's basis, alleging that defendants, Faith Johnson, Tamco, et al., committed perjury in appellant's previous case in said trial court, *Irvin v. Tamco, Inc., et al.*, docket number C10-813.

By making all allowances for the pro se representation, the court finds that appellant presents three "issues" for review: (1) the refusal of the trial judge to recuse himself from the case at bar; (2) the trial court's order granting defendant's Rule 12.06 motion to dismiss on the basis that Tennessee does not recognize a civil action for "perjury", and (3) the permanent injunction issued by the trial court pursuant to Tenn. R. Civ. P. 65.04, prohibiting appellant from filing further lawsuits relative to the alleged perjury of Faith Johnson.

Under the well-settled authorities cited, and for the reasons stated below, we affirm the court's actions with regard to issues numbered (1) and (2). However we vacate the trial court's permanent injunction, due to the trial court's failure to make specific findings of fact and conclusions of law as its basis for granting extraordinary relief.

I.      Record Below

Robert T. Irvin, an indigent acting pro se, filed suit against the defendants on May 30, 1997. Mr. Irvin sued for compensatory and punitive damages, alleging perjury of the defendant Faith Johnson in a prior action before the Circuit Court of Montgomery County, Tennessee, on March 15, 1996, Circuit Case Number C10-813. Among other averments in the complaint not germane to our consideration here, Mr. Irvin asserted that he had filed suit in United States District Court for the Middle District of the State of Tennessee, Civil Action No. 3-95-0673, in an attempt to prosecute a similar action in federal court. He was advised, however, by Judge Thomas Higgins to submit the perjury case to " '. . . the lower court.' " We can only assume that Judge Higgins sought to encourage the pro se litigant to pursue his research further in an effort to discover a suitable "state" cause of action. From the complaint, it appears that Michael L. Roden advised Mr. Irvin to seek out the State District Attorney in Clarksville. With specific regard to "perjury", plaintiff alleges, "4. That plaintiff was harmed by the perjury of Faith Johnson not only in losing the previous case [C10-813], but that plaintiff's ' . . . character has been assassinated unjustly.' " It is on the basis of the foregoing complaint that plaintiff sought damages in this case.

On July 17, 1997, defendants filed their motion to dismiss because of failure to

serve process on the defendants TAMCO or South Central Village Apartments in compliance with Tenn. R. Civ. P. Rule 4; and among other grounds, for failure to state a claim upon which relief can be granted. Defendants' argued at trial that Tennessee does not recognize a private cause of action for "perjury." Defendants sought dismissal of the case pursuant to Tenn. R. Civ. P. Rule 12(4), (5), and (6). Filed simultaneously with this motion were defendants' application for a protective order pursuant to Tenn. R. Civ. P. 26, and application for injunctive relief pursuant to Tenn. R. Civ. P. 65, "prohibiting the plaintiff from maintaining, pursuing, or initiating any action in any court against these defendants for claims associated with, arising out of, or relating to those claims which were raised or should have been raised in the plaintiff's prior action styled *Robert t. Irvin v. Tennessee Management Company, Inc., et al* . . . ".

On July 22, 1997, plaintiff filed a motion for the trial judge, Honorable James E. Walton to recuse himself from the case, alleging " . . . that he has filed a complaint against Judge Walton that is currently being investigated. Also, plaintiff will seek Judge Walton as a witness in the hearing against Faith Johnson."

Nothing further appears in the trial record relative to the motion to recuse until the order of Judge Walton following the August 1, 1997 hearing.

II.     Recusal

As to the recusal motion the court found:

(1)     This matter was previously presented to this court in Civil Action No. C10-813, which was tried on March 15, 1996, at which time this court assessed the credibility of witnesses and other evidence and made appropriate findings of fact and conclusions of law based on its evaluation and consideration of the evidence and testimony presented;
(2)     A final order was entered dismissing plaintiff's action; and
(3)     The plaintiff has shown no reasonable error that would prevent this court from hearing and resolving the motions presented according to the applicable rules of law.

The foregoing constitutes the entirety of the record before the trial court on the motion to recuse.

In his brief, Mr. Irvin seeks to set "facts" before this court not appearing in the trial record. While we acknowledge the liberal construction to be accorded to pro se pleadings, this liberal construction does not allow us to consider facts not properly contained in the record on appeal.

It is well settled in Tennessee that the question of recusal rests in the sound discretion of the trial judge and should not be reversed on appeal unless the record reveals a clear abuse of that discretion. *State, ex rel. Phillips v. Henderson*, 220 Tenn. 701, 423 S.W.2d

489 (1968). The question that must be considered, therefore, is whether, based on the record before us, Judge Walton's refusal to recuse himself amounts to an abuse of discretion.

This court can find no abuse of discretion on the part of the trial judge in refusing to recuse himself. The whole basis of the recusal motion seems to be that the trial judge has decided the issues in this case and the issues in the previous litigation against the appellant. As further grounds, the appellant relies upon his own action in apparently filing a complaint before the Court of the Judiciary against the trial judge. He further relies on his apparent desire to call the trial judge as a witness. This latter point has been directly addressed by the Supreme Court of Tennessee and is held not to be a basis for recusal. *State, ex rel. Phillips v. Henderson*, 220 Tenn. 701, 707, 423 S.W.2d 489, 492 (1968).

One of the leading cases in Tennessee on this subject provides a clear cogent and convincing answer to recusal in this case.

> It is also insisted that the trial judge was personally prejudiced against defendant because of the facts which had transpired during the trial of the case of State v. J. E. White; also on the motion for continuance, and the motion for new trial. Several of the states of the Union have statutes upon this subject, laying down the rule that this will make a judge incompetent. We have no such statute; moreover, we doubt the policy of such legislation. It is entirely conceivable that an upright and honest judge may decide justly and impartially as between his bitter personal enemy and his warm personal friend, administering the rules of law without fear or favor. Such a situation should be left to the personal delicacy of the judge, and not be a matter of absolute law. It is easy to conceive that under the opposite rule an upright and impartial judge would often be recused by affidavits as to his personal prejudices against one party or the other, to the great detriment, embarrassment, and delay of the administration of justice. It is exceedingly easy for litigants and counsel to imagine that a judge is prejudiced against a party, or against his counsel, who has failed to successfully prosecute, or successfully defend, any one or more cases. It is an infirmity of human nature that counsel, whose feelings and personal interests are deeply enlisted in every important case they try, are frequently unable to attribute want of success to the inherent weakness of the case, or to their own shortcomings in the management of it. It is a matter of general knowledge among lawyers that the refuge of defeated counsel is far too often abuse of the court, referred to pithily by lawyers as "cussin' the court." When the tide turns, and success crowns the effort of previously disappointed counsel, his opinion of the intelligence, learning, and probity of the court experiences a high, upward tendency. To allow personal feelings like these on the part of counsel to determine what judge shall try a case, it seems to us, would be disastrous. The new judge selected might not meet the approval of the counsel of the other side, and he would also have to be recused, and so on, resulting in a scramble, undignified and humiliating.

*In re: Cameron*, 126 Tenn. 614, 649, 51 S.W. 64, 74 (Tenn.1912).

Under Tennessee Supreme Court Rule 10 Cannon 3 C, a judge should disqualify

himself in a proceeding in which his impartiality might reasonably be questioned. The record in this case discloses no basis on which the impartiality of the trial judge might reasonably be questioned.

Clearly the motion to recuse in this case is without merit and certainly the refusal of the trial judge to recuse himself was not an abuse of discretion.

It is also clear that just as in *Wiseman v. Spalding*, a recusal by the trial judge in this case would be an exercise in futility. As in this case, *Wiseman v. Spalding* involved an appeal from the action of a trial judge in sustaining a motion to dismiss because the complaint failed to state a cause of action upon which relief could be granted. This is a pure question of law, and on appeal the *Wiseman* court affirmed the trial judge. In answer to the complaint of the appellant about the failure of the trial court to recuse itself, the court in *Wiseman* observed:

> The ruling of the trial judge was one of law in which this court concurs. It would not be in order for this court to set aside a correct ruling of law on grounds of alleged prejudice when to do so would be an exercise in futility. It would be an idle gesture to reverse and remand for a ruling by another judge when his ruling must, per force, be the same, else this court would reverse and correct on appeal.

*Wiseman v. Spalding*, 573 S.W.2d 490, 493 (Tenn.Ct.App.1978).

While the record indicates that service of process on the appellee TAMCO was insufficient under rule 4.04(4) of the Tennessee Rules of Civil Procedure, this issue was not addressed by the trial court in the final judgment in this case as the trial court granted a rule 12.02(6) motion with no disposition made as to insufficiency of service of process under either rule 12.02(4) or 12.02(5).

III.     Perjury

Construed in the most liberal manner possible, the complaint of appellant purports to be a civil action against defendants based solely upon alleged perjurious testimony of the defendant Faith Johnson in previous litigation before the Circuit Court of Montgomery County.

An action at law will not lie to recover damages for perjury alleged to have been committed in a former case in which the plaintiff might have been interested. *Felts v. Paradise, et al*, 178 Tenn. 421, 158 S.W.2d 727 (1942).

> It is a well-settled proposition of law in this jurisdiction that the testimony of a witness given in a judicial proceeding is absolutely privileged. Therefore, no civil action for damages may lie against a witness based upon his testimony in a case, though his testimony may have been damaging to one of the parties of the law suit in which he testified.

*Wilson v. Riccardi*, 778 S.W.2d 450, 453 (Tenn.Ct.App.1989).

> Underlying this general doctrine of absolute immunity from liability in libel and slander for statements made in the course of a judicial proceeding is a policy decision by the courts that access to the judicial process, freedom to institute an action, or defend, or participate therein without fear of the burden of being sued for defamation is so vital and necessary to the integrity of our judicial system that it must be made paramount to the right of an individual to a legal remedy where he has been wronged thereby.

*Jones v. Trice*, 210 Tenn. 535, 541, 360 S.W.2d 48 (1912).

> The fact that cases of hardship may arise, and persons who have been defamed in the course of judicial proceedings may be left remediless is no reason why a wholesome legal principle, founded upon reasons of public policy, should be overthrown. A multitude of instances might be cited where the rights of the individual are required to be sacrificed for the public good."

*Crockett v. McClanahan,* 109 Tenn. 518, 530, 72 S.W. 950 (1903).

Thus, the action of the trial court in sustaining the motion to dismiss under rule 12.02(6) of the Tennessee Rules of Civil Procedure because of failure of the complaint to state a cause of action upon which relief can be granted was a correct action and is affirmed.

While under the record in this cause, the action of the trial court in granting the protective order to the defendant concerning discovery under Tennessee Rules of Civil Procedure 26.03(1) and (4) was well within the discretion of the trial court; the propriety of such action is rendered moot by the action of the trial court in sustaining the motion to dismiss.

IV.     Extraordinary Relief

Of more concern is the action of the trial court reflected by the final paragraph of its judgment in this case wherein it is stated:

> It is further ordered that the defendant's application for injunctive relief pursuant to Tennessee Rules of Civil Procedure 65 is granted and the plaintiff is forever enjoined and restrained from filing any further actions relating to the issues of whether Faith Johnson and/or Louise Irvin, the plaintiff's mother, committed perjury; the plaintiff is not otherwise barred from filing a new cause of action which he may have, if any.

Defendants filed in the trial court an application for injunctive relief under Rule 65 seeking to prohibit the plaintiff ". . . from maintaining, pursuing, or initiating any action in any court against these defendants for claims associated with, arising out of, or relating to those claims which were raised or should have been raised in plaintiff's prior action styled *Robert T. Irvin v. Tennessee Management Co., Inc., et al,* Circuit Court for Montgomery County, case

no. C10-813."

There is no testimonial record before the court as to the matters occurring at the August 1, 1997 hearing on the defendant's application for injunctive relief. As to this portion of the case, the order of the trial court entered following the August 1, 1997 hearing states:

> Based upon this courts review of the record in this cause and related causes, and based upon statements of the parties in written motions and that the hearing of these motions, this court finds . . .
> (3) the plaintiff has filed numerous motions and petitions with this court in this case and in civil action no. C10-813, and the law suit filed in this matter has no basis under Tennessee law; and (4) the plaintiff is harassing these defendants;

Based upon the foregoing recitation the court granted injunctive relief forever prohibiting appellant from filing further actions relating to issues of whether Faith Johnson and/or Louise Irvin committed perjury.

There are no findings of fact and conclusions of law made by the trial court as required by Tenn. R. Civ. P. 65.04(6) and 52.01.

While this court is cognizant of previous actions taken by appellant that apparently form the basis for the extraordinary injunctive relief granted by the trial court, there is no record before the court sufficient to provide for a meaningful review. The injunction issued is a permanent injunction albeit limited in its scope.

Article I, section 17 of the Constitution of Tennessee provides: "That all courts shall be open; and every man, or an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay."

In this case it is not necessary to attempt to establish the limitations on access to the courts that in an individual case may be constitutionally imposed. It is only necessary to address the question in the case at bar as to whether or not the record before the court supports the grant of injunctive relief. It does not, and insofar as the judgment of the trial court granted permanent injunctive relief against appellant, the order of the trial court is vacated.

In all other respects the judgment of the trial court is affirmed and costs of appeal are taxed against the appellant.

The case is remanded for collection of costs and any other proceedings not inconsistent with this opinion.

_____
WILLIAM B. CAIN, JUDGE


CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE