# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 22, 2024

## IN RE EZERAH L. ET AL.

### Appeal from the Chancery Court for Putnam County
### No. 2023-58-A    Ronald Thurman, Chancellor

_____

### No. M2024-01272-COA-T10B-CV

_____

Appellant filed this petition for recusal appeal after the trial court denied a motion to recuse. In light of Appellant's failure to comply with Rule 10B of the Rules of the Supreme Court of the State of Tennessee, we affirm.

### Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Roger J., Sparta, Tennessee, Pro se.

Lindsay Cameron Gross, Cookeville, Tennessee, for the appellees, Spencer P. and Kaylee P.

Stephanie Renee Reevers, for the appellee, State of Tennessee, Department of Children's Services.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I.

This appeal concerns a petition for recusal appeal filed by Appellant Roger J. ("Appellant"), challenging the denial of a motion to recuse by Chancellor Ronald Thurman of the Putnam County Chancery Court ("the trial court"). Appellant attached the following documents to his petition: (1) the motion to recuse filed in the trial court; (2) an internet print-out indicating that Chancellor Thurman was elected or appointed in 2006; (3) an undated social media post declaring the individuals in the photograph to "[o]fficially" be a "party of 5!"; (4) the properties page for an image file indicating that the image was last modified on July 28, 2023; and (5) the trial court's order denying the motion to recuse.

From these documents, we can glean that on July 16, 2024, Appellant, Regina J., and Melissa J.W. (collectively "the Movants") filed a motion to recuse the trial court judge.[2] The motion alleged that because the trial court judge was "unwittingly involved" in an allegedly fraudulent adoption that took place in 2023, "it is reasonable to assume that his objectivity may be compromised[.]" The motion further asserted that the trial court judge ignored the Movants' motion to unseal court records related to the adoption, which "could have conclusively established" the trial court judge's involvement in the adoption. In the absence of access to these records, the Movants asserted that since all adoptions since 2006 have "passed through" the trial court, Chancellor Thurman must have presided over the matter in dispute. The Movants therefore asked that the trial court judge be removed from the case, that his ruling on the motion to dismiss be overturned, and that the adoption records be unsealed.

The trial court judge entered an order denying the motion to recuse on July 19, 2024. Therein, the trial court judge noted that motion was filed by non-parties to an adoption case that was closed on July 28, 2023. The order noted that the motion to recuse was not supported by an affidavit or a declaration under penalty of perjury on personal knowledge. Finally, the trial court judge stated that he had not refused to rule on the Movants' motion, but merely "suggested that they retain legal counsel" and granted a continuance to the party opposing the Movants' motion. From this order, Appellant now appeals.[3]

---

[2] The petition for recusal appeal likewise asserts that it is filed by these three self-represented individuals. However, the petition to this Court is signed only by Appellant, who does not appear to be a licensed attorney. We note, however, that the "right of self-representation extends only to the individual's right to conduct and manage his or her own case; a non-attorney may not conduct litigation on behalf of an entity or another individual, because doing so would constitute the unauthorized practice of law." **Beard v. Branson**, 528 S.W.3d 487, 495 (Tenn. 2017). As such, Appellant is the only party to have filed the petition for recusal appeal.

[3] On August 27, 2024, the Clerk of this Court received correspondence from the trial court clerk containing an additional copy of the order denying the motion to recuse and a second order entered by the trial court entered on July 30, 2024, ruling on substantive matters. The purpose of the correspondence was to "add . . . documents to the . . . case file" in this Court. Under section 2.05 of Rule 10B, this Court may ask for answers from the other *parties* to the case or may act summarily solely on the documents and

- 2 -

## II.

Our sole concern in this interlocutory appeal is whether the trial court erred in denying Appellant's motion for recusal. *See **Duke v. Duke***, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Because neither Appellant's motion to recuse nor the petition for recusal appeal comply with the rules governing such filings, we do not reach the merits of Appellant's arguments and instead affirm the trial court's ruling.

Motions to recuse and accelerated interlocutory appeals of orders denying motions to recuse are governed by Rule 10B of the Rules of the Supreme Court of the State of Tennessee. Under Rule 10B, a party seeking disqualification of a trial judge may do so by filing a written motion promptly after the party learns the facts establishing the basis for recusal. Tenn. Sup. Ct. R. 10B, § 1.01. As the rule explains,

> The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*Id.* The trial court judge is then required to act promptly to either grant or deny the motion by written order; if the motion is denied, the trial court judge must state in writing the grounds upon which he or she denied the motion. Tenn. Sup. Ct. R. 10B, § 1.03.

A party is entitled to "an accelerated interlocutory appeal as of right" of an order denying a motion to recuse. Tenn. Sup. Ct. R. 10B, § 2.01. The party effects an accelerated appeal by filing a petition for recusal appeal with this Court, accompanied by "a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. The petition for recusal appeal "shall" also contain: (1) "[a] statement of the issues presented for review"; (2) "[a] statement of the facts, setting forth the facts relevant to the issues presented for review"; (3) "[a]n argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities"; and (4) "[a] short conclusion, stating the precise relief sought." *Id.*

---

arguments of the applicant. *See* Tenn. Sup. Ct. R. 10B, § 2.05. As discussed in more detail *infra*, Appellant's motion to recuse and petition have profound deficiencies. As such, we choose to act summarily on this petition and do not consider the order entered following the denial of the recusal motion that was not provided by Appellant to this Court.

- 3 -

"If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal." Tenn. Sup. Ct. R. 10B, § 2.05. In this case, we have determined that no answer from the opposing party is necessary, and we choose to act summarily on this appeal. *See also* Tenn. Sup. Ct. R. 10B, § 2.06 (stating that a 10B accelerated appeal should be decided on an expedited basis).

Here, both Appellant's motion to recuse and petition for recusal appeal are deficient. First, as the trial court noted, Appellant's motion to recuse failed to include the required affidavit under oath or declaration under penalty of perjury. Likewise, the petition did not affirmatively state that it was not being filed for an improper purpose. "[M]eticulous compliance with the provisions of Rule 10B" is required to affect an accelerated interlocutory appeal. ***Johnston v. Johnston***, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015). *But cf.* ***Burkhart v. Burkhart***, No. M2023-01390-COA-T10B-CV, 2023 WL 6818637, at *3 (Tenn. Ct. App. Oct. 17, 2023) (noting that courts have sometimes considered the substance of a recusal motion despite only substantial compliance with Rule 10B in an appeal from a final judgment, rather than an accelerated interlocutory appeal). As a result, we have held that section 1.01's requirements are mandatory, and "[w]hen a petitioner fails to support a motion with this mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived." ***Moncier v. Wheeler***, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *3 (Tenn. Ct. App. July 28, 2020) (citing ***Purnell Oil Co. v. Butler***, No. M2016-00289-COA-R3-CV, 2017 WL 121537, at *14–15 (Tenn. Ct. App. Jan. 12, 2017); ***Childress v. United Postal Serv., Inc.***, No. W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *2–3 (Tenn. Ct. App. June 3, 2016); ***Johnston***, 2015 WL 739606, at *2).

Appellant's petition for recusal appeal also fails to meet additional requirements of Rule 10B. In particular, the petition fails to contain a statement of the issues presented for review, fails to contain a statement of the facts beyond the most insubstantial of explanations, and fails to contain an argument that is anything more than skeletal. Tenn. Sup. Ct. R. 10B, § 2.03. For example, although it is evident that this case involves a prior adoption, the filings provided to this Court do not explain how the Movants came to be involved in that matter, other than the trial court's characterization of them as non-parties. The documents provided to this Court do not include even the petition or complaint that the Movants filed to initiate their involvement in this action or their motion to unseal the adoption records that they assert was denied by the trial court. Thus, "the record is insufficient to determine the issues raised" in this appeal. ***Childress***, 2016 WL 3226316, at *3. Moreover, Appellant cites no legal authority to suggest that the simple fact that the trial court judge likely presided over the underlying adoption warrants his recusal from this matter. *See* ***Sneed v. Bd. of Prof'l Resp. of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of

- 4 -

his or her contention or merely constructs a skeletal argument, the issue is waived."); *see also **State ex rel. Phillips v. Henderson***, 220 Tenn. 701, 706, 423 S.W.2d 489, 492 (Tenn. 1968) ("A judge is not disqualified from hearing a cause for the reason he had presided and made findings in previous litigation."). The trial court's July 19, 2024 order denying the motion to recuse is therefore affirmed.

### III.

The judgment of the Putnam County Chancery Court is affirmed, and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant Roger J., for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE