IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 12, 2000 Session

## MATHIS T. VAUGHN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 36110    Robert W. Wedemeyer, Judge**

---

**No. M2000-00755-CCA-R3-PC - Filed March 29, 2001**

---

Petitioner, Mathis T. Vaughn, filed a Petition for Post-Conviction Relief in the Montgomery County Circuit Court, which the post-conviction court subsequently denied. Petitioner challenges the denial of his petition, raising the following issue: whether the trial court erred in dismissing his Petition for Post-Conviction Relief, based upon a ruling that Petitioner's allegations of ineffective assistance of counsel were without merit. After a thorough review of the record, we affirm the trial court's denial of the Petitioner's Petition for Post-Conviction Relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Carrie W. Kersh, Clarksville, Tennessee, for the appellant, Mathis T. Vaughn.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner, Mathis T. Vaughn, appeals as of right from the Montgomery County Circuit Court's denial of his Petition for Post-Conviction Relief. Petitioner was convicted of first-degree murder by the killing of the victim during the perpetration of a robbery (i.e., felony murder) and was sentenced to life imprisonment. This Court affirmed the conviction. See State v. Mathis T. Vaughn, No. 01C01-93120CR-00425, 1994 WL 256993, at * 1, Montgomery County (Tenn. Crim. App., Nashville, June 9, 1994), perm. to appeal denied (Tenn. 1994). In the direct appeal of Petitioner's convictions, this Court summarized the facts as follows:

On the evening of September 21, 1992, the victim drove into the Lincoln Homes Projects in Clarksville, Tennessee. Testimony revealed that the victim was the subject of envy among some of the men at Lincoln Homes because he owned a sports car with an expensive stereo system and dated some of the local women. While the victim was waiting to meet someone that evening, his car was surrounded by a group of men which included the appellant. Appellant approached the driver's side of the vehicle and demanded that the victim get out of the car. The victim refused to leave. Appellant then removed a pistol from his waistband and pointed it at the victim. The victim attempted to drive away when the pistol discharged.

Id.

On July 5, 1995, Petitioner filed a Petition for Post-Conviction Relief, raising several claims, including ineffective assistance of counsel. Subsequently, the trial court appointed counsel to represent Petitioner and an amended petition was filed. The six (6) page amended petition alleged, among other things, that trial counsel was ineffective in failing to object to alleged deficiencies in the indictment; failing to file pretrial motions; failing to object to hearsay testimony; failing to investigate; failing to properly cross-examine and impeach witnesses; failing to request jury instructions on certain lesser-included offenses; failing to request a judgment of acquittal based upon the insufficiency of the evidence; failing to raise issues on appeal that would warrant relief; and failing to adequately prepare for trial.

At the evidentiary hearing, Petitioner did not testify, and the trial court only heard testimony from the Petitioner's trial counsel. The sum of counsel's testimony was that decisions not to object to hearsay testimony, not to raise certain motions and various other decisions, were a part of counsel's strategy and the theory of the defense. At trial, defense counsel sought to establish that the shooting was accidental and that the Petitioner did not intend to rob the victim, in order to increase Petitioner's chances of being convicted of a lesser included offense, rather than first degree murder.

After a review of the evidence presented at the hearing and a review of the original trial transcript, the post-conviction court denied any relief to Petitioner. In denying the Petitioner's claim for relief, the court found that many of counsel's decisions and the actions complained of by the Petitioner fell clearly in the category of trial strategy and trial tactics, and the court found no shortcomings in counsel's actions. The court further ruled that while some inadmissible hearsay had been admitted at trial, such hearsay was "not the only evidence from which the jury could have found beyond a reasonable doubt that the shooting occurred during an attempt by [P]etitioner to rob the victim." Moreover, the trial court found that none of counsel's alleged failures "r[o]se to the level of 'outcome determinative' error as contemplated by Strickland v. Washington." In conclusion, the trial court found that no aspect of trial counsel's performance fell "outside the range of competence demanded of attorneys in criminal cases." The court accordingly determined that the Petitioner had not established his claim of ineffective assistance of counsel and therefore was not entitled to post-conviction relief.

2

## ANALYSIS

### A. Standard of Review

In order to obtain post-conviction relief a petitioner must allege that his conviction or sentence is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-203 (1997). If granted an evidentiary hearing, the petitioner has the burden of proving the allegations by clear and convincing evidence. Id. § 40-30-210(f). The trial judge's findings of fact in a post-conviction proceeding are afforded the weight of a jury verdict. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). This Court may not reweigh or reevaluate the evidence. Id. Nor may this Court substitute its inferences for those drawn by the trial judge. Id. Questions regarding the credibility of the witnesses, the weight and value to be given to their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge. Id. Consequently, this Court is bound by the trial judge's findings of fact unless we conclude that the evidence preponderates against the judgment entered by the post-conviction court. Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991). The petitioner bears the burden of proof, and must show why the evidence in the record preponderates against the judgment entered by the post-conviction court. Black, 794 S.W.2d at 755.

The above standards are modified when the claim for relief is ineffective assistance of counsel. In State v. Burns our supreme court held that a claim of ineffective assistance of counsel raised on direct appeal is a mixed question of law and fact, and thus is subject to a de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn.1999); see Fields v. State, ___ S.W.3d ___ (Tenn. 2001), No. E1999-00915-SC-R11-PC, 2001 WL 166380, at *3 (Feb. 20, 2001). The de novo review of a trial court's factual findings by an appellate court are entitled to a presumption of correctness, which is overcome only when the preponderance of the evidence is contrary to the trial court's findings of fact. Fields, 2001 WL 166380, at *3; see also Henley, 960 S.W.2d at 579. Furthermore, in reviewing the trial court's application of law to its factual findings "to determine whether counsel's performance was deficient or whether the defendant was prejudiced by that deficiency, appellate courts should conduct a purely de novo review, according to the trial court's conclusions of law no deference or presumption of correctness." Fields, 2001 WL 166380, at *5. A defendant alleging ineffective assistance of counsel must prove the allegations of fact underlying his claim by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997); Fields, 2001 WL 166380, at *5. This standard of proof is required regardless of whether a petitioner is bringing the claim in a direct appeal or a post-conviction petition. See Burns, 6 S.W.3d at 461 n.5.

In determining whether counsel provided effective assistance, this Court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim that his counsel was ineffective, a petitioner bears the burden of proving two elements. First, he must prove his counsel made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). This element is proved by showing that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. Second, the petitioner must

3

prove that he was prejudiced by his counsel's unprofessional errors, such that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694; Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

When reviewing a defense attorney's actions, this Court may not use "20-20" hindsight to second-guess counsel's decisions regarding trial strategy and tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all the facts and circumstances. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746.

## B. Failure to Object to Hearsay

The Petitioner argues that his trial counsel was ineffective for failing to object to various hearsay testimony concerning Petitioner's involvement in discussions, indicating his intent to rob the victim. Petitioner contends that the trial court's failure to find error in his trial counsel's failure to object is contrary to the law and the facts. Specifically, Petitioner claims that the evidence showed that he never participated in any discussions about "ripping off" the victim. Petitioner argues that had trial counsel objected to this hearsay testimony, the State would have only had the dying declaration of the victim, stating that he thought he was being robbed. Thus, Petitioner states that there is a reasonable probability that the result of the trial would have been different, if his trial counsel had objected to this hearsay testimony.

Also, Petitioner maintains that trial counsel's failure to object to the hearsay testimony resulted in a failure to preserve issues for appeal. Petitioner argues that the failure to object to this testimony at trial automatically constituted a waiver of this issue on appeal. He asserts that had counsel objected to the hearsay at trial, counsel could have argued the issue of sufficiency of the evidence more effectively on appeal.

The post-conviction court found that defense counsel's representation at trial did not "fall outside the range of competence demanded of attorneys in criminal cases." The trial judge further concluded that the Defendant had not established his claim of ineffective assistance of counsel, regarding counsel's failure to object to hearsay statements made by some of the State's witnesses. The post-conviction court further stated that even if Petitioner's counsel's failure to object to the hearsay "was error, it certainly did not rise to the level of 'outcome determinative' error as contemplated by Strickland v. Washington." We believe the record supports the findings and conclusions of the post-conviction judge. From our review of this record, even if we determined that trial counsel was ineffective in some way, we do not believe that the Petitioner has established prejudice. The trial court noted in its findings that

> The hearsay statements were certainly not the only evidence from which the jury could have found beyond a reasonable doubt that the shooting occurred during an attempt by the petitioner to rob the victim. The petitioner testified at trial and admitted to participating in discussions prior to the shooting about ripping off the victim, taking his money, taking his stereo system and beating him up.

4

Based upon the findings of the post-conviction court, we find that Petitioner has not met his burden of proof to establish that he is entitled to post-conviction relief. The Petitioner has failed to demonstrate deficient performance by counsel or prejudice to himself, and the evidence does not preponderate against the findings of the post-conviction court. Thus, Petitioner is not entitled to relief.

For the foregoing reasons, the judgment of the trial court is AFFIRMED.

_____
THOMAS T. WOODALL, JUDGE

5