**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**MARCH SESSION, 1997**

FILED

November 4, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **MELVIN LEE BURKETT,** | ) | **C.C.A. NO. 01C01-9605-CC-00202** |
| | ) | |
| Appellant, | ) | |
| | ) | **HUMPHREYS COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. ALLEN W. WALLACE,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:

**JANET S. KELLEY**
106 East Main
Waverly, TN  37185

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**C. PHILLIP BIVENS**
District Attorney General

**GEORGE C. SEXTON**
Assistant District Attorney General
Humphreys County Courthouse
Waverly, TN  37185

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Melvin Burkett, appeals the trial court's denial of his petition for post-conviction relief. On February 21, 1991, Petitioner was convicted of two counts of aggravated rape following a jury trial in the Circuit Court for Humphreys County. He was sentenced to twenty (20) years on the first count and fifteen (15) years on the second count, to be served consecutively. This court affirmed the convictions and sentences following direct appeal by Petitioner. State v. Melvin Burkett, C.C.A. No. 01C01-9110-CC-00303, Humphreys County (Tenn. Crim. App., at Nashville, Oct. 8, 1992) (Rule 11 application denied, concurring in results only, Feb. 16, 1993). Petitioner timely filed a petition for post-conviction relief and following an evidentiary hearing, the trial court dismissed the Petition. In this appeal, Petitioner argues that he was denied the Sixth Amendment right to the effective assistance of counsel. In addition, Petitioner asserts that the judgment is void as the indictment failed to contain the proper mens rea for the offense of aggravated rape. We affirm the judgment of the trial court.

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). The trial judge found that there was "no basis" for Petitioner's claims of ineffective assistance by his trial counsel and that Petitioner's case was "well-tried."

INEFFECTIVE ASSISTANCE OF COUNSEL

In reviewing the Petitioner's claim of ineffective assistance of counsel, this court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

At the post-conviction hearing, Petitioner testified that trial counsel failed to keep him informed and did not do any investigation of the case. He alleged that counsel failed to return his telephone calls and directed her secretary to inform Petitioner that she did not need to speak with him. Petitioner also claimed that counsel failed to offer into evidence certain medical records which Petitioner believed to be exculpatory evidence, as well as failed to object to hearsay testimony at trial. Petitioner claimed that his consecutive sentence was excessive. Other grounds raised by the Petitioner in his pleadings were dismissed by Petitioner at the evidentiary hearing.

Trial counsel also testified at the hearing, and she stated that in preparation for Petitioner's trial she filed a motion for discovery from the State and received all discoverable information. After talking with Petitioner, she was

prepared to assert an alibi defense, therefore she interviewed and subpoenaed all witnesses that she was made aware of prior to trial. Regarding Petitioner's claim for failure to confer with him, counsel had problems getting Petitioner to meet with her. While counsel did not want to get her client in trouble, Petitioner was not cooperating with her and she approached the trial court regarding this issue. A show cause motion was issued and Petitioner was brought into court shortly before trial. Petitioner was instructed by the trial court to cooperate with counsel in preparation of his defense. Following that instruction, counsel was able to meet with Petitioner on three (3) or four (4) occasions prior to trial.

Trial counsel testified that she considered the medical report, which Petitioner claimed to be exculpatory evidence, to be at best "negative evidence." The report contained the findings of a physician who examined the victim and found that there was no indication of any trauma to the vagina. While counsel admitted that this portion of the physician's report was not detrimental to Petitioner's case, she also realized that the report would not help the Petitioner as it would "have given the jury one more doctor to say that this is what [the victim] told me and it would have given the State one more doctor saying this is what I found." After interviewing the physician by telephone and reading his findings, counsel believed the physician would also have testified that the victim's hymen was not intact. Trial counsel explained that the issue of the social worker's hearsay testimony, which she objected to at trial, has been previously determined on appeal by a panel of this court which affirmed the trial court's decision to admit the testimony as evidence.

The trial court stated in his findings of fact that the petition had no substance, and he did not know "much else that [trial counsel] could have done that she did not do" regarding investigation of Petitioner's case. Specifically, the trial court recalled that he had to admonish Petitioner in order to get him to meet with trial counsel. After review of the court file and listening to the evidence, the trial court found that there was no exculpatory evidence. The remaining issues were found to be previously determined by a panel of this court on direct appeal from the convictions.

After a thorough review of the record and briefs in this matter, this court finds that the evidence does not preponderate against the trial court's findings. From the record, it is apparent that trial counsel did all that she could in light of Petitioner's failure to cooperate and participate in his own defense. As far as counsel's defense strategies, this court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim. App. 1980).

The trial court found that all other matters raised by Petitioner were previously determined, and he properly dismissed such claims. See Caruthers v. State, 814 S.W.2d 64, 69-70 (Tenn. Crim. App. 1991). This issue has no merit.

INSUFFICIENCY OF INDICTMENT

Petitioner argues the judgment against him is void due to the failure to allege a particular mens rea for the offense of aggravated rape in his indictment. He bases his argument on a recent case of this court, State v. Roger Dale Hill, C.C.A. No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App., at Nashville, June 20, 1996), perm. to appeal granted (Tenn. 1996). In the Hill case, the defendant was indicted for aggravated rape and convicted of aggravated sexual battery, but the indictment contained no allegation of a requisite mens rea as he was charged with "unlawful sexual penetration of a victim."

In the case sub judice, the Petitioner was indicted and convicted of aggravated rape, and the indictment read as follows:

> Melvin Burkett . . . did unlawfully sexually penetrate . . . a female child less than thirteen (13) years of age, in violation of T.C.A. § 39-13-502, all of which is against the peace and dignity of the State of Tennessee.

Petitioner alleges that the failure of the indictment to state that Petitioner acted "intentionally, knowingly or recklessly" is fatally deficient, and Petitioner's conviction should be reversed and dismissed. The aggravated rape statute in force at the time the Petitioner was indicted provided, in pertinent part, as follows:

> Aggravated rape is unlawful sexual penetration of a victim by the defendant . . . [where] the victim is less than thirteen (13) years of age.

Tenn. Code Ann. § 39-13-502(a)(4)(1991 Repl.).

This court has held that nothing in our criminal code requires an indictment to allege the mens rea of an offense unless the statute specifically states the mens rea as an element of the offense. See State v. James Dison, C.C.A. No. 03C01-

9602-CC-00051, slip op. at 17, Sevier County (Tenn. Crim. App., Knoxville, Jan. 31, 1997) (Rule 11 application filed March 14, 1997). A defendant must be provided notice of the elements of the offense which "sufficiently apprise[ ] the accused of the offense he is called upon to defend." State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995). Therefore, the allegation of criminal conduct in an indictment is constitutionally adequate as a form of notice to the defendant and mens rea is not an essential element of the offense. State v. James Julian, II, C.C.A. No. 03C01-9511-CV-00371, slip op. at 42, Loudon County (Tenn. Crim. App., Knoxville, July 29, 1997); citing Dison, slip op. at 17; State v. Phillip Griffis and Melissa Rogers, C.C.A. No. 01C01-9506-CC-00201, slip op. at 16, Maury County (Tenn. Crim. App., Nashville, Apr. 30, 1997). Upon review, we find the indictment for aggravated rape as charged in the indictment in Petitioner's case was constitutionally sufficient and valid. This issue is without merit.

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge


CONCUR:



_____
JOSEPH M. TIPTON, Judge


_____
 JOE G. RILEY, Judge