IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 10, 2015 Session

**JIMMY HEARD v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rutherford County**
**No. F-68961      M. Keith Siskin, Judge**

───────────────

**No. M2013-02661-CCA-R3-PC – Filed May 19, 2015**

───────────────

Petitioner, Jimmy Heard, stands convicted of criminal conspiracy to commit aggravated robbery, aggravated robbery, and attempted second degree murder, for which he received an effective twenty-nine-year sentence.  He unsuccessfully sought post-conviction relief from his convictions and now appeals, claiming ineffective assistance of appellate counsel for failing to: (1) submit a transcript of the hearing on petitioner's motion to recuse the trial judge; (2) address petitioner's bond increase without a hearing; (3) address petitioner's allegedly unlawful interrogation by law enforcement officers; and (4) object to a judge hearing his appeal who allegedly was once assigned to hear his case at trial.  Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Darwin Keith Colston, Murfreesboro, Tennessee, for appellant, Jimmy Heard.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; William C. Whitesell, Jr., District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.  Facts and Procedural History

A.  Trial

A grand jury indicted petitioner for criminal conspiracy to commit aggravated robbery, aggravated robbery, attempted first degree murder, aggravated assault, felony

evading arrest, and felony possession of a weapon for his involvement in the September 15, 2005 robbery of a Cash Express store in Murfreesboro, Tennessee, and the subsequent car chase. *State v. Jimmy Lee Heard*, No. M2010-01030-CCA-R3-CD, 2012 WL 976188, at *1 (Tenn. Crim. App. March 5, 2012), *perm. app. denied* (Tenn. Aug. 15, 2012). A full recitation of the facts established at trial can be found in this court's opinion on direct appeal from petitioner's convictions. *Id.* at *1-3.

Following the close of proof and deliberations, the jury acquitted petitioner of aggravated assault and convicted him of criminal conspiracy to commit aggravated robbery, aggravated robbery, evading arrest, and the lesser-included offense of attempted second degree murder. *Id.* at *4. The State dismissed the weapons charge prior to jury selection. *Id.* at *1. The trial court sentenced petitioner as a Range II, multiple offender to consecutive terms of eight years for conspiracy to commit aggravated robbery; fifteen years for aggravated robbery; fifteen years for attempted second degree murder; and six years for evading arrest, for an effective sentence of forty-four years. *Id.* at *4.

Petitioner argued in his motion for new trial that the court erred in its jury instructions regarding the lesser-included offenses of attempted first degree murder. The trial court granted a new trial as to petitioner's conviction for attempted second degree murder but denied the motion as to the other convictions. *Id.* The State appealed the trial court's grant of a new trial, but this court affirmed the trial court's ruling. *Id.*; *see State v. Jimmy Heard*, No. M2007-01805-CCA-R3-CD, 2009 WL 723527, at *1 (Tenn. Crim. App. Mar.18, 2009). Petitioner ultimately pleaded guilty to attempted second degree murder, and the trial court sentenced him to fifteen years as a Range II, multiple offender, to run concurrently with his other sentences, effectively modifying his sentence from forty-four years to twenty-nine years. *Jimmy Lee Heard*, 2012 WL 976188, at *4.

On direct appeal, petitioner argued that the evidence was insufficient to support his convictions and that the trial court erred by denying his motion for recusal and by imposing consecutive sentences. *Id.* at *1. This court affirmed his convictions and sentences.

B. Post-Conviction

In his November 1, 2012 *pro se* petition for post-conviction relief, petitioner claimed that: (1) he was denied appellate review of his motion to recuse due to counsel's failure to procure and file the transcript of the hearing; (2) his bond was improperly raised without affording him notice or appointment of counsel; (3) the trial court erred by remanding his case to general sessions court for a second preliminary hearing without dismissing the first indictment; (4) the trial judge failed to recuse himself after accusing petitioner of plotting to kill him; and (5) several claims of ineffective assistance of

counsel.[1] Appointed counsel filed a "Statement of Amended Petition," stating that he and petitioner disagreed about the need to file an amended petition; that he was unable to obtain a copy of the record because a flood at the Court of Criminal Appeals destroyed the original and the court reporter did not possess a copy; and that he was without the means to file an amended petition without reference to the trial record. Following a March 7, 2014 evidentiary hearing, the post-conviction court denied relief. This appeal follows.

## II. Analysis

In this appeal, petitioner argues that appellate counsel erred by failing to: (1) submit a transcript of the hearing on petitioner's motion to recuse the trial judge; (2) address petitioner's bond increase without a hearing; (3) address petitioner's allegedly unlawful interrogation by law enforcement officers; and (4) object to a judge hearing his appeal who was allegedly once assigned to hear his case at trial.

### A. Standard of Review

To obtain relief in a post-conviction proceeding, a petitioner must demonstrate that his or her "conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009)).

Appellate courts do not reassess the post-conviction court's determination of the credibility of witnesses. *Dellinger v. State*, 279 S.W.3d 282, 292 (Tenn. 2009) (citing *R.D.S. v. State*, 245 S.W.3d 356, 362 (Tenn. 2008)). Assessing the credibility of witnesses is a matter entrusted to the post-conviction judge as the trier of fact. *R.D.S.*, 245 S.W.3d at 362 (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). The post-conviction court's findings of fact are conclusive on appeal unless the preponderance of the evidence is otherwise. *Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997)). However, conclusions of law receive no presumption of correctness on appeal. *Id.* (citing *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001)). As a mixed question of law and fact, this court's review of

---

[1] Petitioner has abandoned on appeal several of the issues he raised in the post-conviction court; therefore, our recitation of the facts from the post-conviction hearing will be limited to the issues raised on appeal.

petitioner's ineffective assistance of counsel claims is de novo with no presumption of correctness. *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (citations omitted).

The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and article I, section 9 of the Tennessee Constitution require that a criminal defendant receive effective assistance of counsel. *Cauthern v. State*, 145 S.W.3d 571, 598 (Tenn. Crim. App. 2004) (citing *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975)). When a petitioner claims that he received ineffective assistance of counsel, he must demonstrate both that his lawyer's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007) (citation omitted). It follows that if this court holds that either prong is not met, we are not compelled to consider the other prong. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004).

To prove that counsel's performance was deficient, petitioner must establish that his attorney's conduct fell below an objective standard of "'reasonableness under prevailing professional norms.'" *Finch*, 226 S.W.3d at 315 (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)). As our supreme court held:

> "[T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence. . . . Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

*Id.* at 315-16 (quoting *Baxter*, 523 S.W.2d at 934-35). On appellate review of trial counsel's performance, this court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689).

To prove that petitioner suffered prejudice as a result of counsel's deficient performance, he "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Vaughn*, 202 S.W.3d at 116 (citing *Strickland*, 466 U.S. at 694). "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). As such, petitioner must establish that his attorney's deficient performance was of such magnitude that he was deprived of a fair trial and that the reliability of the outcome was

called into question. *Finch*, 226 S.W.3d at 316 (citing *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999)).

In post-conviction proceedings, we likewise apply the two-prong test of *Strickland* to evaluate claims of ineffective assistance of appellate counsel. *Carpenter*, 126 S.W.3d at 886. This court has held:

> There are two approaches to appellate advocacy, known generally as the 'rifle shot' approach and the 'shotgun' approach. Under the rifle shot procedure, counsel presents only those issues which arguably have merit. Under the 'shotgun' approach, every conceivable issue is raised in hope, albeit slim, that the appellate court will see merit in some arcane issue. The choice of which method to use and the choice as to which issues to present under either approach obviously requires strategic and tactical decisions by appellate counsel. Of course, those decisions are judged by the same standards as all other decisions of counsel.

*Hanson Lee Davis, Jr. v. State*, No. 02C01-9104-CC-00064, 1992 WL 69655, at *1 (Tenn. Crim. App. Apr. 8, 1992) (footnote omitted) (internal citations omitted). We will not fault appellate counsel for not raising every possible issue on appeal. *Carpenter*, 126 S.W.3d at 887 (citing *King v. State*, 989 S.W.2d 319, 334 (Tenn. 1999); *Campbell v. State*, 904 S.W.2d 594, 596-97 (Tenn. 1995)). Experienced appellate advocates have long "emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues." *Cooper v. State*, 849 S.W.2d 744, 747 (Tenn. 1993) (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). Determination of the issues to raise on appeal is a matter left to appellate counsel's sound discretion. *Carpenter*, 126 S.W.3d at 887 (citing *Jones*, 463 U.S. at 751). We accord appellate counsel's professional judgment considerable deference with regard to which issues he believes to be meritorious on appeal. *Id.* As in a review of ineffective assistance of trial counsel, we should not second-guess appellate counsel's decisions and must avoid the distorting effects of hindsight. *Id.* However, we will only defer to counsel's tactical choices if such choices are within the range of competence required of attorneys in criminal cases. *Id.* (citing *Campbell*, 904 S.W.2d at 597).

Moreover,

> [i]f a claim of ineffective assistance of counsel is based on the failure to raise a particular issue, as it is in this case, then the reviewing court must determine the merits of the issue. Obviously, if an issue has no merit or is weak, then appellate counsel's performance will not be deficient if counsel fails to raise it. Likewise, unless the omitted issue has some merit, the petitioner suffers no prejudice from appellate counsel's failure to raise the

issue on appeal. When an omitted issue is without merit, the petitioner cannot prevail on an ineffective assistance of counsel claim.

*Carpenter*, 126 S.W.3d at 887-88. Thus, to fully review petitioner's claim of ineffective assistance of appellate counsel, we must first determine whether the underlying issues are meritorious. The facts pertinent to each issue and the post-conviction court's ruling on each are set forth in the relevant subsection below.

## B. Petitioner's Claims

Petitioner testified that when he was first charged in these cases, an assistant district public defender (hereinafter "ADPD") was appointed to his case. However, at trial, he was represented by private counsel (hereinafter "trial counsel").

Trial counsel[2] testified that in his thirty-one years of practicing law, he had participated in over one hundred jury trials, and he agreed that he was one of the more experienced trial attorneys in the city. He explained that procedurally, petitioner's case was in circuit court and was then remanded to general sessions court. When the case returned to circuit court on a superceding indictment, trial counsel was appointed to represent petitioner. Therefore, he was not involved in any issues prior to that time. In characterizing his working relationship with petitioner, trial counsel stated that they "got along very well" and said that petitioner was very well-spoken and would verbalize his opnions. Trial counsel estimated that he spent "hundreds of hours" working on petitioner's case because it spanned "a full jury trial, . . . two different appeals, [and] some motions beforehand." He recalled that petitioner desired to go to trial because he wanted to "have his day before a jury." Trial counsel filed all motions that he deemed viable and said that his philosophy was that trial strategies should be formulated by the attorney after consultation with the accused. He described his personal approach as a "rifle" approach wherein he carefully considered which motions to file, how to argue them, how to present and question witnesses, and what issues to raise.

### 1. Failure to Include the Motion to Recuse and the Transcript of the Hearing Preceding the Motion to Recuse on Direct Appeal

In his testimony during the post-conviction hearing, petitioner stated that his first complaint against trial counsel was that he failed to obtain a transcript of a hearing that ultimately led to petitioner's motion to recuse the trial judge. Petitioner asserted that in a June 5, 2006 hearing, the trial judge addressed him in open court and said that he had received information that petitioner said he was going to kill the judge. The judge stated

---

[2] Petitioner was represented at trial and on direct appeal by the same attorney. Although we refer to him as "trial counsel," it should be noted that he also served as appellate counsel.

that he was planning to seek an indictment against petitioner, prompting petitioner to ask if the trial judge was going to recuse himself. Petitioner, through counsel, subsequently filed a motion for the trial judge to recuse himself, which was denied after a June 21, 2006 hearing. Petitioner said that when counsel addressed the trial court's failure to recuse on direct appeal, this court declined to rule on the issue because no transcript of the June 5 hearing had been provided.

On cross-examination, petitioner acknowledged that on June 21, 2006, a hearing was held on his motion to recuse and that the transcript of that hearing was included on appeal. He agreed that this court addressed the trial court's ruling on the motion but stated that the transcript of the June 21 hearing did not include pertinent information that was addressed at the June 5 hearing, namely that the trial court had received information that petitioner was going to kill him.

Trial counsel said that he filed a motion in the trial court seeking recusal. In filing the motion to recuse, trial counsel relied upon what petitioner had told him because trial counsel was not his attorney of record at that juncture. The trial court denied the motion, and counsel raised the issue of the trial judge's failure to recuse himself on direct appeal. Trial counsel assigned two associate attorneys in his firm to locate and obtain a transcript of the June 5 hearing, but they were unable to do so. At the hearing on the motion to recuse, trial counsel presented petitioner as a witness because there was no other evidence relating to the June 5 exchange.

He acknowledged that on the subsequent appeal, this court determined that the record was insufficient for review because the motion was not contained in the record nor was the transcript of the June 5 hearing. Trial counsel explained that a flood had occurred that destroyed many records and that an associate handled that appeal.

In denying relief on this matter, the post-conviction court held that "[t]he issue of [the trial judge's] recusal was addressed on direct appeal, with the Court of Criminal Appeals finding the record 'totally devoid of any evidence to support [petitioner's] contention that the trial judge should have recused himself.'" (quoting *Jimmy Lee Heard*, 2012 WL 976188, at *6). The post-conviction court further noted that "[a]lthough no transcript exists of the hearing wherein the alleged death threat was disclosed, [the trial judge's] June 22, 2006 Order denying the motion to recuse contains specific findings of fact regarding the alleged threat and communications with the Sheriff's Department regarding the alleged threat."

We note that trial counsel testified that he, through his associates, attempted, albeit unsuccessfully, to locate a transcript of the June 5 hearing. In these proceedings, petitioner has failed to provide a copy of the transcript, which further buttresses trial counsel's testimony that the transcript was not available. We cannot conclude that trial

counsel rendered ineffective assistance in failing to include a copy of the transcript in the appellate record when petitioner himself has been unable to locate and include this transcript.

Our review of the merits of the underlying claim further yields no relief for petitioner. This court has held that the issue of a trial judge's recusal based upon alleged bias or prejudice is a matter entrusted to the sound discretion of the trial court. *Caruthers v. State*, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991). A trial judge should grant a motion for recusal in cases where his or her "impartiality might reasonably be questioned." Code of Judicial Conduct, Canon 3(E)(1); *see State v. McCary*, 119 S.W.3d 226, 260 (Tenn. Crim. App. 2003). A trial court's decision in this regard will not be overturned on appeal absent an abuse of discretion. *Owens v. State*, 13 S.W.3d 742, 757 (Tenn. Crim. App. 1999); *Caruthers*, 814 S.W.2d at 67.

In *State v. Richard Lowell Blanchard*, No. M2010-01186-CCA-R3-CD, 2011 WL 2533753, at *6 (Tenn. Crim. App. June 24, 2011), this court addressed a case wherein the defendant made the following remarks to his trial counsel within the hearing of a court officer: "If I am convicted you will be sorry you ever defended me," "I will shoot every mother f****** in here," and "the trial judge 'need[ed] to be put on his knees and shot in the head.'" *Id.* In denying Blanchard's motion for recusal, the trial court reasoned that

> "if the [c]ourt were to recuse itself . . . every defendant we've got would make these same kind of threats at the judge." The trial judge characterized what had happened as "[j]ust an occupational hazard" and ruled, "I'm confident I can follow the law in doing this case and there's no need for me to recuse in the case."

*Id.* This court denied relief, stating that the record was "devoid" of any indication that the trial court had abused its discretion. *Id.*

Applying the reasoning in *Blanchard* and the accepted standard of review, we conclude that absent a showing of abuse of discretion on the part of the trial court, petitioner would not have been entitled to relief on direct appeal. Accordingly, trial counsel cannot be found to have performed ineffectively.

Petitioner has not demonstrated how he was prejudiced by the trial judge's failure to recuse. Petitioner was convicted after a jury trial, not a bench trial. In our review of the trial court's imposing consecutive sentences, we concluded that the record supported the sentence alignment due to petitioner's record of extensive criminal activity. *Id.* at *9. Petitioner has demonstrated neither deficient performance nor prejudice. Given our deference to the factual findings of the post-conviction court and the dearth of evidence supporting petitioner's claim, we conclude that he is not entitled to relief.

### 2. Failure to Address Petitioner's Bond Increase without a Hearing

The State correctly points out that petitioner, without further argument, merely states that "the failure to trial counsel [to raise this issue on appeal] deprived him of his right to due process." "Issues which are not supported by argument . . . will be treated as waived in this court." Tenn. R. Ct. Crim. App. 10(b). Accordingly, this issue is waived.

### 3. Failure to Address Petitioner's Allegedly Unlawful Interrogation by Law Enforcement Officers

Here again, the State correctly points out that petitioner, without further argument, merely states that "the failure of trial counsel [to raise this issue on appeal] deprived him of his right to due process." "Issues which are not supported by argument . . . will be treated as waived in this court." Tenn. R. Ct. Crim. App. 10(b). This issue is waived.

### 4. Failure to Object to a Judge Hearing His Appeal Who Was Allegedly Once Assigned to Hear His Case at Trial

Petitioner failed to include this issue in his petition for post-conviction relief. He also failed to present any evidence with regard to the issue. In fact, during arguments to the court following the evidentiary hearing, post-conviction counsel stated, "[I]t didn't appear to me . . . *before today* that anybody even realized that a judge that was appointed to hear [petitioner's] case ultimately heard and wrote the opinion in his appeal." (emphasis added). Seemingly, post-conviction counsel himself did not notice this fact until standing before the post-conviction court. Rather, petitioner's argument was "that trial counsel was completely unaware of the connection" until the hearing on the petition for post-conviction relief. Petitioner, in his brief, admits, "Candidly, [petitioner] has no evidence that [the successor judge] ever presided over any proceeding involving petitioner]. The record in this matter indicates that he *did not*." (emphasis added). Because petitioner did not raise this issue in his petition for post-conviction relief and instead raises it for the first time on appeal, this court is precluded from considering it. *Lawrence Ralph, Jr., v. State*, No. M2011-02067-CCA-R3-PC, 2012 WL 6645037, at *9 (Tenn. Crim. App. Dec. 20, 2012) (citing *Charles Orlando Fields v. State*, No. W2003-02051-CCA-R3-PC, 2004 WL 1405012, at *5 (Tenn. Crim. App. June 23, 2004)). This issue is waived. Moreover, this court declines to consider as error an issue that petitioner himself concedes resulted in no prejudice to him. He is not entitled to relief on this claim.

## CONCLUSION

Based on the arguments of counsel, the briefs of the parties, and the applicable legal authority, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE