FILED

04/22/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 27, 2019

**STATE OF TENNESSEE v. CHARLES MONTAGUE**

**Appeal from the Criminal Court for Washington County**
**No. 18075    Stacy L. Street, Judge**

_____

**No. E2018-01549-CCA-R3-CD**

_____

Defendant, Charles Montague, appeals the trial court's summary denial of his motion to suspend the balance of his sentences. Because the trial court stated no basis for its denial of the motion, we review de novo. Nevertheless, Defendant's motion is devoid of a basis for relief under Tennessee Code Annotated section 40-35-306(c), and the motion was filed approximately twenty-four years too late for consideration under Tennessee Rule of Criminal Procedure 35. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Charles Montague, Jonesboro, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Ken C. Baldwin, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In September of 1993, a jury convicted Defendant of possession of a schedule VI drug in Count Two and possession of drug paraphernalia in Count Three. The trial court sentenced Defendant to consecutive sentences of eleven months and twenty-nine days in Counts Two and Three, and the sentences in Counts Two and Three were to be consecutive to Defendant's sentence in Count One, for which there is no judgment

document included in the record. The judgment documents in Counts Two and Three were entered on September 21, 1993.

On March 21, 2018, twenty-four years and six months after the entry of the judgments in Counts Two and Three, Defendant sought suspension of the balance of his sentences in Counts Two and Three, claiming that he had been rehabilitated after serving twenty-five years on a separate conviction. In so doing, Defendant cited Tennessee Code Annotated section 40-35-306(c) and *State v. Ruiz*, 204 S.W.3d 772 (Tenn. 2006), *overruled on other grounds by State v. Patterson*, 564 S.W.3d 423 (Tenn. 2018). Without a hearing or a written order, the trial court denied the motion, which is memorialized in a minute entry contained in the record.

Defendant now appeals and argues that he is entitled to a hearing and a written order on his motion. The State refers to Defendant's motion as a Tennessee Rule of Criminal Procedure 35 motion and overlooks the fact that Defendant filed his motion pursuant to Tennessee Code Annotated section 40-35-306(c). The State argues that the trial court did not abuse its discretion by dismissing Defendant's motion without a hearing because the motion was filed outside of the 120-day limitations period.

Generally, a trial court's decision on a motion filed pursuant to either Tennessee Code Annotated section 40-35-306(c) or Tennessee Rule of Criminal Procedure 35 is reviewed "under an abuse of discretion standard, whether or not the trial court holds a hearing." *Ruiz*, 204 S.W.3d at 777-78. However, the trial court's minute entry provides no stated reasoning as to why the motion was denied or which legal standard the trial court applied. Without such, we must review the issue de novo. *See State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that when a trial court fails to provide "adequate reasons" for a sentencing determination an appellate court may conduct a de novo review).

Defendant's motion for suspension of the balance of his sentences was errantly filed pursuant to Tennessee Code Annotated section 40-35-306(c). Defendant was not sentenced to split confinement pursuant to Tennessee Code Annotated section 40-35-306(a). Instead, the trial court sentenced him to eleven-months and twenty-nine days in confinement for both Counts Two and Three and included that he could receive program or work release after serving seventy-five percent of his sentence. Section 40-35-306(c) provides a mechanism for petitioning the court for probationary service when a defendant is serving a "period of continuous confinement order pursuant to this section." Thus, Defendant's motion cannot rely on Section 40-35-306(c).

The State construes Defendant's motion as a motion for reduction of sentence pursuant to Tennessee Rule of Criminal Procedure 35, which allows a trial court to

reconsider its sentencing determination "within 120 days after the date the sentence is imposed." However, if Defendant's motion were construed as a Rule 35 motion, then Defendant's motion is approximately twenty-four years too late. No extensions are allowed on the time limitation. *See* Tenn. R. Crim. P. 35(a). Tennessee Rule of Criminal Procedure 35(c) explicitly permits a trial court to deny a motion without a hearing, and no hearing was necessary to determine the invalidity of Defendant's claim.

In his reply brief, Defendant argues that Tennessee Code Annotated sections 40-35-212(d), -314(c), or -319(b) provide him avenues for the suspension of the balance of his sentence that are not affected by the time constraints found in Rule 35. Yet, Defendant's reply brief is the first time that these statutes have been referenced in this case. "[A]n issue raised for the first time on appeal is waived." *Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004). Moreover,

> A reply brief is limited in scope to a rebuttal of the argument advanced in the appellee's brief. An appellant cannot abandon an argument advanced in his brief and advance a new argument to support an issue in the reply brief. Such a practice would be fundamentally unfair as the appellee may not respond to a reply brief.

*Caruthers v. State*, 814 S.W.2d 64, 69 (Tenn. Crim. App. 1991).

Therefore, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE