IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 24, 2023 Session

## STATE OF TENNESSEE v. TERRANCE TERRELL KING

**Appeal from the Criminal Court for Knox County**
**No. 122030   Steven W. Sword, Judge**

_____

**No. E2022-01394-CCA-R3-CD**

_____

Defendant, Terrance Terrell King, appeals from the Knox County Criminal Court's denial of his motion seeking resentencing for a drug-related conviction under Tennessee Code Annotated section 39-17-432(h). Defendant contends the trial court erred in denying the motion, and the State contends this court does not have jurisdiction to consider Defendant's appeal. Defendant rejects the State's assertion. After reviewing the applicable law and the parties' arguments, we conclude Defendant does not have an appeal as of right available to him, and the appeal is therefore dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TOM GREENHOLTZ, JJ., joined.

Chelsea C. Moore, Knoxville, Tennessee, for the appellant, Terrance Terrell King.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; Charme P. Allen, District Attorney General; and Cameron Williams, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Defendant's Guilty Plea

In August 2018, Defendant entered guilty pleas to three drug offenses which occurred on February 9, 2017. Defendant pleaded guilty to one count of possession with

intent to sell less than 0.5 grams of methamphetamine, a Class C felony,[1] one count of introduction of contraband into a penal facility, a Class C felony, and one count of possession with intent to sell more than 0.5 grams of marijuana within 1,000 feet of a drug-free zone, a Class D felony. The trial court imposed seven-year sentences on the methamphetamine possession and the introduction of contraband into a penal facility convictions, and ordered Defendant to serve the sentences concurrently as a Range II, multiple offender. The court imposed a three-year sentence for the marijuana possession conviction, with two years to be served at 100 percent and the final year to be served with a release eligibility of thirty percent. The trial court ordered this sentence to be served consecutively to the seven-year sentences, resulting in an effective sentence of ten years.

## II. Motion for Reduced Sentence

On July 21, 2022, Defendant filed a motion styled "Pro Se Motion for Resentencing Pursuant to 2021 Tenn. HB 1449," in which he sought resentencing for his marijuana possession conviction under the terms of the amended Drug-Free Zone Act, which reduced the drug-free zone from 1,000 feet to 500 feet. Tenn. Code Ann. § 39-17-432(g) (2022). In his motion, Defendant contended he "believe[d] that the nearest drug[-]free zone from the location of his arrest . . . was over 500 feet away and that Defendant qualifies for a reduced sentence under the new statute."

The trial court subsequently appointed counsel, who filed a "Memorandum in Support of Motion for Resentencing" on September 27, 2022. In the filing, defense counsel argued Defendant's sentence for the marijuana possession conviction should be "served on community supervision to provide [Defendant] with the support and resources necessary to treat his drug addiction and mental health needs." The trial court held a hearing on Defendant's motion on September 30, 2022. After hearing the arguments of counsel, the trial court denied Defendant's resentencing motion. The trial court observed that without the drug-free zone enhancement, Defendant's conviction for marijuana possession would have been a Class E felony instead of a Class D felony. However, Defendant's prior convictions would have forced the trial court to sentence Defendant as a career offender for the Class E felony, meaning "the only sentence [available to the court] would be six years at [sixty] percent." Because this sentence would have been greater than the three-year sentence Defendant received under the former version of the Drug-Free Zone Act, the trial court did not resentence Defendant. The trial court also found that resentencing

---

[1] Defendant was originally indicted for possession with intent to sell methamphetamine within 1,000 feet of a drug-free zone, a Class A felony. As part of his guilty plea, the State struck the drug-free zone enhancement.

Defendant would not be in the interests of justice considering Defendant's prior criminal record[2] and his lengthy history of disciplinary infractions while in custody.[3]

Defendant filed his notice of appeal the same day the trial court denied his resentencing motion.

## III. Analysis

On appeal, Defendant asserts the trial court erred in failing to resentence him. He argues the trial court erroneously found that it would have been required to sentence Defendant as a career offender on the Class E felony marijuana possession conviction because the State failed to file a notice to seek enhanced punishment before the sentencing hearing. Additionally, Defendant argues the trial court erred by "finding that the interests of justice did not entitle [him] to relief because [he] received a significant reduction from his possible punishment had [he] gone to trial and been convicted."

Before addressing Defendant's contentions, we must address the State's argument that Defendant does not have an appeal as of right available to him. The State first raised this argument in a motion to dismiss Defendant's appeal, filed after Defendant filed his initial brief. Defendant then filed a response to the motion. After reviewing both parties' filings, this court entered an order deferring a ruling on the motion to dismiss. Accordingly, we ordered the State to file a responsive brief and Defendant to file a reply brief. *See State v. King*, No. E2022-01394-CCA-R3-CD, order at 2 (Tenn. Crim. App. June 27, 2023). Both the State's brief and Defendant's reply brief address the jurisdictional issue.

Citing to this court's recent published opinion in *State v. Bobo*, 672 S.W.3d 299 (Tenn. Crim. App. 2023), the State argues that because neither the revised Drug-Free Zone Act nor Rule 3 of the Tennessee Rules of Appellate Procedure allow for an appeal as of right from the trial court's dismissal of a resentencing motion under the Act, this court must dismiss Defendant's appeal. In his reply brief, Defendant asserts that, contrary to this court's conclusion in *Bobo*, Rule 3 does grant this court jurisdiction to consider Defendant's appeal. He also argues that he has an appeal available to him as of right based on the statutes establishing this court's jurisdiction and guaranteeing the right to counsel on appeal. In the alternative, if no appeal is available to Defendant as of right, Defendant argues this court may consider his appeal under the common law writ of certiorari.

---

[2] A presentence report was prepared for the resentencing hearing. It indicated Defendant previously had been convicted of six counts of aggravated robbery, one count of automobile burglary, and two counts of theft.

[3] The presentence report indicated Defendant had received over fifty disciplinary infractions while in Tennessee Department of Correction custody between April 2010 and April 2022. He also received eight disciplinary infractions while housed in the Knox County Jail between January 2017 and September 2022.

It is a Class E felony offense to possess, with intent to sell, not less than one-half ounce nor more than ten pounds of marijuana. *See* Tenn. Code Ann. § 39-17-417(a)(4), (g)(1).[4]  As relevant to this case, at the time of Defendant's offense a violation of section 39-17-417 was "punished one (1) classification higher than is provided in [section] 39-17-417(b)-(i)" if the offense was committed "on the grounds or facilities of any school or within one thousand feet (1,000') of the real property that comprises a public or private elementary school[.]" Tenn. Code Ann. § 39-17-432(b)(1) (2007; amended 2020).

In 2020, the General Assembly amended the Drug-Free Zone Act to reduce the drug-free zone radius from 1,000 feet to 500 feet.  2020 Tenn. Public Acts ch. 803, § 5. The revised statute went into effect September 1, 2020.  *Id.* § 12.  The revised statute contains a resentencing provision which states, in pertinent part,

> [T]he court that imposed a sentence for an offense committed under this section that occurred prior to September 1, 2020, may, upon motion of the defendant or the district attorney general or the court's own motion, resentence the defendant pursuant to subsections (a)-(g).  The court shall hold an evidentiary hearing on the motion, at which the defendant and district attorney general may present evidence.  The defendant shall bear the burden of proof to show that the defendant would be sentenced to a shorter period of confinement under this section if the defendant's offense had occurred on or after September 1, 2020.  The court shall not resentence the defendant if the new sentence would be greater than the sentence originally imposed or if the court finds that resentencing the defendant would not be in the interests of justice.

Tenn. Code Ann. § 39-17-432(h)(1).

A court is "not require[d] . . . to reduce any sentence pursuant to this section." *Id.* § (h)(4).  Furthermore, as we observed in *Bobo*, "[D]espite granting the defendant an opportunity to seek resentencing in accordance with the amended statute, the legislature did not provide the defendant or the State with an avenue to appeal the trial court's decision under the statute." 672 S.W.3d at 301.

The Tennessee Supreme Court has recognized that "[a] defendant in a criminal case does not have an appeal as of right in every instance." *State v. Rowland*, 520 S.W.3d 542,

---

[4] Although certain provisions of section 39-17-417 have been amended since the time of Defendant's offenses, the provisions cited here specifically are the same today as they were in February 2017.

545 (Tenn. 2017); *see Bobo*, 672 S.W.3d at 301 (quoting *Rowland*). "A defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b)" of the Tennessee Rules of Appellate Procedure. *Bobo*, 672 S.W.3d at 302. Rule 3(b) provides that a defendant has an appeal as of right in these specific circumstances:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation; an order denying a motion for reduction of sentence pursuant to Rule 35(d), Tennessee Rules of Criminal Procedure; an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, from a final order on a request for expunction, and from the denial of a motion to withdraw a guilty plea under Rule 32(f), Tennessee Rules of Criminal Procedure.

*Bobo* involved a defendant who filed a motion for resentencing of his drug-free-zone-enhanced sentences after section 39-17-432(h)(1) was enacted. 672 S.W.3d at 300. After a hearing, the trial court denied the defendant's motion. *Id.* The defendant appealed and, as in the current appeal, the State argued Mr. Bobo had no appeal as of right available to him under Rule 3. *Id.* at 301. Citing to Rule 3 and several prior opinions of our appellate courts setting forth examples of criminal actions for which no appeal is available as of right,[5] *see generally id.* at 302 (collecting cases), we dismissed Mr. Bobo's appeal. *Id.* at 302-03.[6]

---

[5] Per the cases cited in *Bobo*, these actions include denials of motions to: (1) modify probation conditions; (2) correct an illegal sentence (before Rule 3(b) was modified to permit such an appeal); (3) suspend court costs; (4) reinstate probation; (5) furlough; (6) reverse the State's dismissal of charges; (7) set a new probation revocation hearing; (8) grant sentencing credits; and (9) grant "credit for time at liberty."

[6] This court later concluded that Rule 3 permits a defendant who is resentenced under section 39-17-432(h), and where new judgments are entered, to appeal the revised sentence as of right. *State v. Watson*, No. E2022-01321-CCA-R3-CD, 2023 WL 5925717, at *7 (Tenn. Crim. App. Sept. 12, 2023).

The procedural history of this case is largely identical to that of *Bobo*—the only difference is that Mr. Bobo's convictions resulted from a jury trial rather than a guilty plea. Nevertheless, Defendant contends that Rule 3 grants him an appeal as of right. In support of this contention, Defendant first argues that unlike Rule 3(c) of the Rules of Appellate Procedure, which provides that the State has an appeal available "only" in certain circumstances, the absence of the word "only" from Rule 3(b) does not limit Defendant's ability to appeal in criminal cases and that "the list of actions from which an appeal lies under Rule 3(b) is non-exhaustive." However, the Tennessee Supreme Court has plainly stated, "A defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b)." *Rowland*, 520 S.W.3d at 545. Thus, we conclude that Defendant's contention that the language of Rule 3(b) does not limit his ability to file an appeal as of right is without merit.

In both his response to the motion to dismiss and in his reply brief, Defendant also argues he is entitled to an appeal based on the language of Tennessee Code Annotated section 16-5-108(a)(1), which provides that this court has jurisdiction to "review of the final judgments of trial courts in . . . [c]riminal cases, both felony and misdemeanor" (including post-conviction and habeas corpus cases). Defendant also relies on *Collins v. State*, 670 S.W.2d 219, 221 (Tenn. 1984), in which the Tennessee Supreme Court stated, "It cannot be doubted that a criminal defendant has a statutory right to one level of appellate review." He further cites to Code section 16-5-108(a)(2), which establishes that this court has jurisdiction to consider "other cases or proceedings instituted with reference to or arising out of a criminal case." This court acknowledges that, per the well-established precedent cited by Defendant, a criminal defendant is generally entitled to one level of appellate review. We also acknowledge that Defendant, as stated in his brief, has not attempted to waive or otherwise abandon his argument that the trial court erred by failing to resentence him. However, we conclude that these general principles must yield to the specific holdings of the Tennessee Supreme Court, which has stated that a criminal defendant has no appeal available as of right unless such an appeal is available under Rule 3(b), and this court, which in *Bobo* stated a defendant has no appeal available as of right when a trial court dismisses a motion for resentencing under section 39-17-432(h).[7]

---

[7] This court also has recognized previously that, while Code section 16-5-108 confers jurisdiction, our having jurisdiction over an appeal does not mean that the defendant has a right to an appeal. The separate right to an appeal exists only as permitted by the Rules of Appellate Procedure (or in another statute). *State v. Harden*, No. E2010-02487-CCA-R3-CD, 2011 WL 6883981, at *1 (Tenn. Crim. App. Dec. 27, 2011) ("The forfeiture proceedings at issue here are contingent on a final judgment of conviction, [Tenn. Code Ann.] § 40–33–101, and they may be fairly characterized as falling within the class of cases over which this court has jurisdiction. However, just because this court has subject matter jurisdiction does not mean that Harden has an appeal as of right in this case."), *no perm. app. filed*; *State v. Powell*, No. M2008-02510-CCA-R3-

In his reply brief, Defendant also argues this court should disregard *Bobo* because the actions listed as non-appealable in that opinion do not provide for the appointment of counsel, while a resentencing proceeding under section 39-17-432(h) does provide for the appointment of counsel. Consequently, he contends that he is entitled to an appeal as of right per Tennessee Code Annotated section 40-14-203, which provides that an "attorney appointed to represent any person under this part shall proceed to counsel with and represent the person at all stages of the proceedings before the court which appointed the attorney and also upon any appeal from the judgment of the court which imposes a prison sentence." Additionally, Defendant argues that if this court concludes he does not have an appeal available as of right, this court should consider his claims under the common law writ of certiorari. However, we treat these two claims as waived.

The record reflects that Defendant did not raise jurisdictional issues in his initial brief. On June 23, 2023, the State filed a motion to dismiss the appeal, arguing that Defendant was not entitled to an appeal as of right under Rule 3. That same day, Defendant filed a response to the motion to dismiss, arguing that he was entitled to an appeal under Rule 3, Tennessee Code Annotated section 16-5-108, and general "interest of justice" principles. As stated above, this court subsequently entered an order deferring its ruling on the motion to dismiss and ordering the State to file a responsive brief and Defendant a reply brief. The State subsequently filed its responsive brief, addressing only those jurisdictional issues raised in Defendant's response to the motion to dismiss. Defendant then filed a reply brief reasserting its previous arguments and raising, for the first time, arguments concerning the right to counsel and treating this appeal as a petition for writ of certiorari.

"[T]he defendant cannot change issues from his original brief to his reply brief any more than he can change theories from the trial court to the appellate court." *State v. Sanders*, No. 02C01-9305-CR-00102, 1994 WL 413465, at *10 (Tenn. Crim. App. Aug. 10, 1994). "Issues raised for the first time in a reply brief are waived." *State v. Fitzpatrick*, No. E2014-01864-CCA-R3-CD, 2015 WL 5242915, at *8 (Tenn. Crim. App. Sept. 15, 2015). This court has recognized that an appellant's raising an issue for the first time in an appellate brief "would be fundamentally unfair as the appellee may not respond to a reply brief." *Caruthers v. State*, 814 S.W.2d 64, 69 (Tenn. Crim. App. 1991). Also, "A reply brief is limited in scope to a rebuttal of the argument advanced in the appellee's brief." *Id.*

---

CD, 2010 WL 2301713, at *3 (Tenn. Crim. App. June 8, 2010) ("Tennessee Code Annotated section 16–5–108(a) states that this court has appellate jurisdiction over final judgments of trial courts in criminal cases and 'other cases or proceedings instituted with reference to or arising out of a criminal case.' . . . However, just because this court has subject matter jurisdiction does not mean that Powell has an appeal as of right in this case."), *no perm. app. filed*.

This court acknowledges that Defendant's initial arguments concerning his right to appeal were raised in his response to the State's motion to dismiss rather than his initial brief. However, this fact is not sufficient reason for the court to deviate from the well-established prohibition against an appellant's raising arguments for the first time in a reply brief. If Defendant had sought our consideration of his additional arguments regarding our jurisdiction, he should have advanced the arguments sooner. The State's responsive brief addressed only those arguments Defendant raised in the response to the motion to dismiss. These were the only claims Defendant was permitted to argue in his reply brief. Accordingly, Defendant's claims regarding the writ of certiorari and the right to counsel are waived on appeal.

Because Defendant has no appeal available to him as of right, he is not entitled to relief.

IV. Conclusion

For the reasons stated above, we dismiss Defendant's appeal.

_____
MATTHEW J. WILSON, JUDGE

- 8 -